KASTNER, Respondent, vs. WEBER, Appellant.

*October 22—November 26, 1946.*

452

For the appellant there was a brief by *Hammersley, Torke & Kelley* of Milwaukee, and oral argument by *William M. Kelley*.

For the respondent there was a brief by *Rubin, Zabel & Ruppa* of Milwaukee, and oral argument by *Nathan Ruppa*.

FAIRCHILD, J.   The appellant's conduct was clearly tortious when he removed two of the porch steps, when he caused rubbish to be dumped where it obstructed the side entrance to the building on lot 6 and plugged the sewer, and when he had holes dug in the respondent's sidewalk.   He was at that time a tenant of the respondent.

For injury to the respondent by this conduct on the part of the appellant, the respondent was rightly awarded damages by the trial court in the amount of what it would reasonably cost to restore the property.   *Chapleau v. Manhattan Oil Co.* (1922) 178 Wis. 545, 550, 190 N. W. 361.

In his counterclaim the appellant complains of the encroachments on lot 5 and of trespassing on the part of the respondent, her tenants, servants, and agents.   In evaluating his counterclaim, it must be remembered that he was not the owner of that lot, but was merely the tenant in possession by virtue of a one-year lease, expiring January 1, 1946.

The estate of the owner of the fee may be directly affected by the encroachments.   But she has not as yet seen fit to come into court seeking relief.   Appellant knew of the existing con-

dition years before he entered into his lease of lot 5. He cannot avail himself of the cause of action belonging to his landlord as a ground for his counterclaim. 2 Tiffany, Landlord and Tenant, p. 2105, sec. 352.

As to any cause of action for disturbing him in the enjoyment of his possession, he has not proven any interference by respondent with his use of the premises as he took them from his landlord. There is no evidence to warrant a finding that the already existing slight encroachments, under the circumstances, have in the hands of the respondent or by reason of her acts, resulted in any damage to his possession considered as an estate. He made his bargain with reference to the lease, knowing of the encroachments which prevent a use of the lot to the very extreme limits of its boundaries. The other persons whom he describes as trespassers are not parties and were not acting in the interest of respondent.

The learned trial judge reached a proper result. There was no injury to enjoyment and occupation of the leased premises for which the respondent is responsible occurring after appellant leased lot 5.

*By the Court.*—Judgment affirmed.