WEBER, Respondent, vs. YOUNG, Appellant.

*February 28—April 8, 1947.*

308

The cause was submitted for the appellant on the brief of *William J. McCauley,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, and for the respondent on the brief of *Raymond J. Cannon* and *John L. Newman,* both of Milwaukee.

FAIRCHILD, J.   The most that can be said against the form of plaintiff's commitment to the Milwaukee County Hospital for Chronic Insane is that upon its face it does not disclose an exact and literal following of the wording of sec. 52.03 (2), Stats. 1927. The statute provided for the commitment of feeble-minded persons to either of two state institutions and for their transfer by the state board of control (department of public welfare) to county hospitals when the state colony and training schools were crowded.   It appears from the pleadings that both state institutions were congested in 1928 and that the state board of control had directed that feeble-minded persons from Milwaukee county be sent to the Milwaukee County Hospital for Chronic Insane.   This directive accomplished the very purpose of the transfer by the state board of control provided for in the statute.   At any rate, the court did no more than commit plaintiff directly to the institution to which he would have been transferred.   The evident purposes of ch. 52 of the statutes were served, and the commitment cannot be said to be void or so irregular as to justify sustaining a charge of false imprisonment.

The statute does provide that "whenever any person shall be committed" to either of said institutions, and such shall be filled to capacity, the "board of control may transfer such person . . . to a county asylum for the chronic insane." The term, "transfer," as here used, means more than transporting and does not make necessary a useless formality.   The purpose of this regulation can be carried out best by construing the section in the sense of authority to direct as circumstances

may demand, rather than as requiring the carrying of the unfortunate from the closed door of one institution to the closed door of another and finally to the place, known in the first instance, to be the one where he can be harbored. The authority of the board exists to take him from the county institution to one or the other of the preferred schools when opportunity and occasion warrants. In effect the control over the matter is in an authority now styled the department of public welfare, successor to the board of control.

The directive order set forth in the answer is a proper means of carrying out the purpose of the statute. It is a legitimate short cut and is neither erroneous nor prejudicial to one in the plaintiff's position. We cannot hold that the commitment is a complete nullity. It must be considered in connection with all of the statutes upon the subject. It is to be treated in a legal sense so as to work out a practical result that is lawful, and its character as an instrument is not to be measured without having in view all the circumstances which may properly apply to the rights and interests to be affected.

Although no cases directly in point have come to our attention, there are two early cases of interest: *Meeds v. Carver* (1848), 8 Ired. (N. C.) 298; *Johnson v. Maxon* (1871), 23 Mich. 129. In the *Meeds Case* a deputy sheriff, having arrested a party on illegal process, was not liable for false imprisonment when another valid process was in the hands of the sheriff. In the *Johnson Case* the court said (p. 134):

"The ground, and the only ground, for the action [false imprisonment] was that the plaintiff was imprisoned under color of process claimed by him to be void. . . . If the process was irregular, or wrongly or improvidently issued . . . and yet was not absolutely void, the imprisonment was not false in any sense adequate to support the charge preferred."

The courts in these cases seem to take the position we take here, that there may be cases where, although irregularities

appear in the instrument under which the plaintiff is confined, that instrument is not necessarily void so as to warrant charges of false imprisonment. In the case at bar the committing court might have included a recital of the directive order and then perhaps the weakness of the point now sought to be made by the plaintiff would appear more clearly.

The essence of the tort of false imprisonment is depriving the plaintiff of his liberty without lawful justification. Since he had been found to be feeble-minded by the process provided for by statute, there is no question of the legal justification for plaintiff's confinement in an institution. To insist that his commitment to the Milwaukee County Hospital for Chronic Insane, an authorized institution, was void because he should have first been committed to a state institution, while the original adjudication of his feeble-mindedness is not contested and his commitment was directed by a state authority, would be an unjust extension of previously recognized bases for false imprisonment.

In view of the fact that the plaintiff had been lawfully adjudged feeble-minded, and there being no room for him in the state institutions, the commitment designating his place of confinement as the county hospital cannot be attacked on grounds which apply only to the service of irregular or illegal process in cases of arrest. The language of those cases relating to the liability of officers responsible for the detention of persons arrested under illegal process is not applicable to the defendant here, who, almost ten years after plaintiff's commitment, was the acting superintendent of a hospital to which the statute contemplated plaintiff would be sent under the very circumstances that here prevailed.

*By the Court.*—Order reversed. Cause remanded for further proceedings according to law.