STRONG, by Guardian *ad litem*, Respondent, v. CITY OF MILWAUKEE, Appellant.

*February 29—April 9, 1968.*

For the appellant there was a brief by *John J. Fleming,* city attorney, and *John F. Kitzke* and *Thomas J. Gallagher,* assistant city attorneys, and oral argument by *Mr. Kitzke.*

For the respondent there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

CONNOR T. HANSEN, J.  The issue is whether the actions of the police officer, as alleged in the complaint, constitute false arrest and imprisonment and if so, an "intentional tort" which would preclude direct action against the municipality as provided in sec. 895.43, Stats.

This court has defined the tort of false imprisonment as, "The unlawful restraint by one person of the physical liberty of another." *Lane v. Collins* (1965), 29 Wis. 2d 66, 69, 138 N. W. 2d 264; *Weber v. Young* (1947), 250 Wis. 307, 311, 26 N. W. 2d 543.

The plaintiff contends, and the trial court concluded, that the false imprisonment alleged in the complaint was not an intentional tort. The rationale appears to be premised upon the assertion that the character of the tort by the officer was more in the nature of negligence, *i.e.,* failure to make reasonable inquiry. Plaintiff further contends that the officer performed his required duty in good faith, but simply arrested the wrong Michael Strong.

The complaint does not reflect such rationale.

Paragraph III alleges:

". . . plaintiff was arrested and imprisoned . . . that plaintiff was forcefully and against his will imprisoned at the Seventh District Station . . . ."

Paragraph IV alleges:

"That in falsely and wrongfully arresting and imprisoning plaintiff as hereinabove set forth, the defendant, by its agents, servants or employees, acted wilfully, maliciously, without just or probable cause, and in wanton disregard of plaintiff's rights."

Historically, the tort of false imprisonment, sometimes called false arrest, is a lineal descendant of the old action of trespass.[1] As such it is associated with intent as opposed to negligence which has emerged as a separate tort.[2] The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm.[3]

"Although intent to confine the individual is necessary, it need not be with knowledge of who he is; and, as in the case of other intentional interferences with person or property, an innocent, and quite reasonable, mistake as to his identity will not avoid liability. Although intent is necessary, malice, in the sense of ill will or a desire to injure, is not. *There may be liability although the defendant believed in good faith that the arrest was justified, or that he was acting for the plaintiff's own good.* The presence or absence of malice may, however, be shown in aggravation or mitigation of damages."[4] (Emphasis added.)

The difficulty which arises between the concepts of intention, malice and negligence with respect to false imprisonment is also well set forth in 1 Harper and James, *Law of Torts,* p. 228, sec. 3.7:

"To constitute a false imprisonment, the act of the defendant in confining the plaintiff must be done with the intention of causing a confinement. *If the confine-*

---

[1] Prosser, *Law of Torts* (3d ed.), p. 54, sec. 12.

[2] *Id.* at page 30, sec. 7.

[3] *Id.* at page 31, sec. 8.

[4] *Id.* at page 61, sec. 12.

*ment is due to the defendant's negligence, the latter may be liable as for negligence, but the action is then governed by the rules and principles of the tort of negligence, according to which the plaintiff is required to show actual damage.* In other words, there can be no such tort as a negligent false imprisonment which of itself makes the defendant liable without proof of the invasion of some interest other than the bare interest in freedom from confinement. If the imprisonment occurs by pure accident, the defendant neither intending to imprison nor being guilty of any negligence, there is, of course, no liability at all. Malice or ill will or bad motive, however, is unnecessary, and the defendant may be liable although he acted under a reasonable but mistaken belief that he was privileged to imprison or arrest the plaintiff. Nor will a mistake in the identity of the plaintiff constitute a defense. His intention to confine another person will make him liable to the person actually confined although there is no desire or intent on the part of the defendant to harm the plaintiff. An absence of malice, however, may be shown in mitigation of damages." (Emphasis added.) *See also* 35 C. J. S., *False Imprisonment,* p. 624, sec. 2, and p. 775, sec. 66.

False imprisonment or false arrest is generally considered to be within the framework of intentional torts. 1 Harper and James, *supra,* p. 224, sec. 3.6; Prosser, *supra,* p. 54, sec. 12; Wis J I—Civil, Part II, 2100.

Also, it is recognized that intent to cause a confinement is an essential element in the tort of false imprisonment. Prosser, *supra,* p. 60, sec. 12; 1 Harper and James, *supra,* p. 228, sec. 3.7; 32 Am. Jur. 2d, *False Imprisonment,* p. 80, sec. 9.

Therefore, having determined that false imprisonment is an intentional tort, it follows that direct action against the municipality is precluded by sec. 895.43 (3), Stats., which provides in part as follows:

"895.43 **Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employees; notice of claim; limitation of damages and suits.**
". . .

"(3) No suit shall be brought against any political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employes nor shall any suit be brought against such fire company, corporation, subdivision or agency or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions."

The foregoing section was enacted by ch. 198, Laws of 1963, and as reflected by the legislative bill jacket, was in direct response to *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, wherein the court abrogated the doctrine of governmental immunity.

In *Holytz v. Milwaukee, supra,* page 40, this court stated:

"If the legislature deems it better public policy, it is, of course, free to reinstate immunity. The legislature may also impose ceilings on the amount of damages or set up administrative requirements which may be preliminary to the commencement of judicial proceedings for an alleged tort."

Plaintiff's complaint, which alleges willful and malicious conduct in wanton disregard of plaintiff's rights, effectively precludes him from invoking relief under sec. 895.43, Stats.

That being the case, this court is not required to reach the question of whether a complaint couched in terms of negligent confinement, premised upon a good faith action of an officer, would circumvent the prohibitions of sec. 895.43, Stats.

Plaintiff also contends that even if false imprisonment is an intentional tort, an action can be maintained directly against the municipality since sec. 270.58, Stats., requires political subdivisions to pay certain judgments taken against its officers or employees.

Sec. 270.58, Stats., provides as follows:

"**270.58 State and political subdivisions thereof to pay judgments taken against officers.**

"(1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in his official capacity or is proceeded against as an individual because of acts committed while carrying out his duties as an officer or employe and the jury or the court finds that he acted in good faith the judgment as to damages and costs entered against the officer or employe shall be paid by the state or political subdivision of which he is an officer or employe. Regardless of the results of the litigation the governmental unit shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act in good faith, when it does not provide legal counsel to the defendant officer or employe. Deputy sheriffs in those counties where they serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to payment of the judgment shall be discretionary and not mandatory. In such counties the judgment as to damages and costs may be paid by the county if approved by the county board."

In raising this contention, plaintiff attempts to accomplish under sec. 270.58, Stats., that which is expressly prohibited under sec. 895.43.

Such interpretation would raise an obvious conflict between these two sections with respect to the narrow issue presented by plaintiff's pleading.

It is a cardinal rule of statutory construction that conflicts between different statutes, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed. *Moran v. Quality Aluminum Casting Co.* (1967), 34 Wis. 2d 542, 553, 150 N. W. 2d 137; *State ex rel. McManman v. Thomas* (1912), 150 Wis. 190, 196, 136 N. W. 623.

*By the Court.*—Order reversed, with leave to plaintiff to serve an amended complaint within twenty days of the remittitur.