MEDVED, Appellant, v. BAIRD, Sheriff, and others, Respondents.

*No. 283. Submitted under sec. (Rule) 251.54 March 29, 1973.—Decided May 21, 1973.* (Also reported in 207 N. W. 2d 70.)

564

For the appellant the cause was submitted on the brief of *Paul Medved* of Waukesha, pro se.

For the respondents the cause was submitted on the brief of *Willis J. Zick,* Waukesha county corporation counsel.

BEILFUSS, J. Ordinarily either an order granting [2] or refusing [3] to grant a motion to make a pleading more definite and certain is not appealable because it does not prevent a judgment from being taken and that the order can then be reviewed upon an appeal from the judgment. Even an order or a judgment that dismisses a complaint for failure to comply with an order to make

[2] *Motowski v. People's Dentists* (1924), 183 Wis. 477, 198 N. W. 465.

[3] *Schlecht v. Anderson* (1929), 197 Wis. 556, 222 N. W. 802.

more definite and certain is not appealable if it is not a final judgment so as to preclude further action between the parties upon the subject matter being litigated.[4] However, where, as in this case, the order dismissed the complaints upon the merits it is a final judgment and the order directing the pleading to be made more definite and certain can be reviewed upon appeal for an abuse of discretion.[5]

The plaintiff contends, in effect, that the trial court abused its discretion in ordering him to make his complaints more definite and certain. We think not.

The statute [6] provides, in substance, that the court may order the pleading to be made more definite and certain when the pleading is so indefinite or uncertain that the precise nature of the complaint or the defense thereto is not apparent.

After an analysis of the complaints the court concluded, "It simply is impossible for anyone to intelligently answer . . . , deny the allegations contained therein, or admit them." We, too, have examined all of the complaints. The allegations are too diffused, dissuasive and argumentative. They are disjointed, intermingled and aim in too many directions. The initial and amended complaints sound more like criminal complaints than civil. Only under very liberal and strained interpretations [7] can one infer imperfectly alleged but possible

[4] *Puhr v. Chicago & N. W. R. Co.* (1918), 168 Wis. 101, 169 N. W. 305.

[5] *State v. Golden Guernsey Dairy Co-operative* (1950), 257 Wis. 254, 43 N. W. 2d 31.

[6] Sec. 263.43, Stats.

[7] The rule is well settled that when a complaint is challenged by a demurrer as not stating a cause of action all allegations stated in the complaint must be taken as true, the complaint is to be liberally construed with a view to do substantial justice between the parties, and the complaint is entitled to all reasonable inferences to support it which can be drawn from the facts pleaded. Secs. 263.07 and 263.27, Stats.; *Sorenson v. National Life Ins. Co.* (1972),

causes of action for conversion, malicious prosecution, false imprisonment or intentional infliction of mental and physical distress. Without question this is the type of pleading that should be made more definite and certain. The trial court did not abuse its discretion; in fact, if it had refused to grant a motion to make these pleadings more definite it probably would have been an abuse of discretion.

The final issue is whether the trial court abused its discretion in dismissing the complaints with prejudice. Again we think not.

The trial court ordered the amended complaints to be made more definite and certain. The plaintiff was given thirty days and at least two extensions of time to do so and with the advice that the complaints would be dismissed if he failed within the time allotted. He did not comply with those orders.

As set forth in the defendants' brief, this court stated in *Latham v. Casey & King Corp.* (1964), 23 Wis. 2d 311, 314, 127 N. W. 2d 225: [8]

". . . It is considered well established that a court has the inherent power to resort to a dismissal of an action in the interest of orderly administration of justice. The general control of the judicial business before it is essential to the court if it is to function. 'Every court has inherent power, exercisable in its sound discretion, consistent within the Constitution and statutes, to control disposition of causes on its docket with economy of time and effort.' . . . Many times the power of dismissal is applied for noncompliance with an order relating to pleadings, such as an order to amend, to make more definite and certain, or furnish a bill of particulars. . . ."

56 Wis. 2d 92, 201 N. W. 2d 510; and *Kelly v. Mohrhusen* (1971), 50 Wis. 2d 337, 184 N. W. 2d 149.

[8] *Also see: Motowski v. People's Dentists, supra,* and *Alexander v. Farmers Mut. Automobile Ins. Co.* (1964), 25 Wis. 2d 623, 131 N. W. 2d 373.

It was not an abuse of discretion to dismiss the plaintiff's complaints for failure to comply with prior procedural orders.

*By the Court.*—Order affirmed.