LASKA and wife, Respondents, v. STEINPREIS (Robert), and wife, Appellants. [Case No. 190.]*

STEINPREIS (Loraine), Appellant, v. LASKA, Respondent. [Case No. 469.]*

*Nos. 190, 469. Argued May 7, 1975.—Decided June 30, 1975.*
(Also reported in 231 N. W. 2d 196.)

\* Motions for rehearing denied, without costs on September 30, 1975.

308

310

For the appellants there were pro se briefs and oral argument by *Robert J. Steinpreis* and *Loraine Steinpreis*, both of Plover.

For the respondents there was a brief by *Crooks, Low & Earl* of Wausau, and oral argument by *James Low*.

ROBERT W. HANSEN, J. While these two appeals are in separate actions and involve different issues, they will be reviewed as they were presented on oral argument, the one after the other, in this single but bifurcated opinion.

*Case No. 190—Landlords v. tenants.*

The major challenge on appeal is to the jury award of $2,000 damages to the lessors, Myron and Josephine Laska, for damage to the farm over and above the normal wear and tear of an ordinary occupancy. This award was based on the claim of diminished value of the property following the occupancy by lessees, Robert and Loraine Steinpreis.

*The test applicable.* The first issue is as to whether the diminished value of the property was a proper basis for seeking and securing damages to property by a tenant. Wisconsin statutes now provide that a tenant must repair such damage done, and, failing to do so, must reimburse the landlord for the reasonable cost of repair or redecorating.[1] This statute became effective July 1, 1971, after the service of notice of termination of tenancy in this case, but before the eviction was carried out and this action was commenced. We see this

[1] Sec. 704.07 (3), Stats.

statute to be remedial in nature, an enactment that goes only to confirming contractual rights already existing and adding to the means of enforcing existing contractual obligations already in existence.[2] Viewing the statute as remedial in nature, we find here no basis for concluding other than it here applied.

However, we do not read this statute as excluding, under any and all circumstances, the diminished value of property approach to measuring damages caused by a tenant to property of a landlord. The statute does not declare cost of repair to be an exclusive remedy.[3] Courts long have recognized diminution of value as an alternative to cost of repair or restoration as a method to measure damages.[4] Where an injury to property is easily repairable and the cost of restoration readily ascertainable, clearly cost of repair ought be a preferred approach.[5] Where injury to property does not effect its destruction, our court has held that ordinarily the measure of damages is ". . . the difference between the reasonable market value of the property immediately before the injury at the place thereof and its reasonable market value immediately after the injury at the place thereof . . . ."[6] While diminished value and reasonable

[2] *Hasselstrom v. Rex Chainbelt, Inc.* (1971), 50 Wis. 2d 487, 497, 498, 184 N. W. 2d 902.

[3] Sec. 704.07 (1), Stats., provides: ". . . Nothing in this section is intended to affect rights and duties arising under other provisions of the statute."

[4] *See:* 49 Am. Jur. 2d, *Landlord and Tenant*, pp. 906, 907, sec. 928.

[5] *See: Kastner v. Weber* (1946), 249 Wis. 450, 452, 24 N. W. 2d 877, where a landlord recovered from a tenant for removing porch steps, plugging a sewer and digging holes in a sidewalk, this court holding: "For injury to the respondent by this conduct on the part of the appellant, the respondent was rightly awarded damages by the trial court in the amount of what it would reasonably cost to restore the property."

[6] *Chapleau v. Manhattan Oil Co.* (1922), 178 Wis. 545, 550, 190 N. W. 361.

cost of repairs are in this state alternative approaches,[7] the goal is to have put into evidence "some reasonable basis of computation."[8] There is a considerable area here for the exercise of trial court discretion. The end to be served is not that of permitting the damage claimant to elect the approach that results in a higher award of damages. Evidence may be adduced by either party as to both diminished value and cost of repair with the lesser amount awardable under the two tests to be the proper measure of damages.[9]

While the correct rule sets damages at the cost of repairs or diminution in value, whichever is smaller, it is not the claimant's burden to produce evidence of both cost of repairs and diminution in value so that the trial court or jury can determine the lesser.[10] Instead, our court has held that the person sued for damages, if he is dissatisfied with damages based on the one approach, can show, if such is the fact, that damages based on the alternative test was a smaller sum.[11] In the case before us, the landlords put in proof only as to diminished value, the evidence consisting primarily of their own opinion testimony as to value plus the fact of sale at a figure lower than the value they attributed to the premises before the tenants moved in. However, there was no objection to this basis for measuring damages being used, and no testimony offered by the tenants to establish that damages based on cost of repairs would be less. On this record we find no reversible error in the case going to the jury solely on the diminished value test of damages.

[7] *See: Vetter v. Rein* (1931), 203 Wis. 499, 502, 234 N. W. 712.

[8] *De Sombre v. Bickel* (1963), 18 Wis. 2d 390, 399, 118 N. W. 2d 868.

[9] *Hickman v. Wellauer* (1919), 169 Wis. 18, 28, 171 N. W. 635.

[10] *Engel v. Dunn County* (1956), 273 Wis. 218, 77 N. W. 2d 408.

[11] *Id.* at page 222.

*Application of test.* What complicates the application of the diminished value test in this case is an earlier eviction proceeding in which the landlords were awarded approximately $2,500 damages, primarily for the clearing away of debris and rubbish from the premises. This was an application of the repair or restoration approach. However, when the landlords came to court for damage to the structures on the farm, they shifted gears to use the diminished value test. If this had been attempted and accomplished in a single action or trial, the jury would have awarded separate damages for the costs of carting away what was portable and for the diminished value occasioned by additional damage done to the structures on the farm. There would be little reason to fear that the manure and debris was counted twice—once as to the cost of carting it away under the cost of repair approach, and again as contributing to the lessened resale value of the premises under the diminished value approach.

That was the basis of the tenants' objection when the landlords offered and the trial court admitted, over objection, pictures of the premises showing both damage done to the buildings and debris and garbage scattered everywhere on the premises. There was reason for the tenants' fear of double recovery. The landlords' complaint sought damages for "unreasonable wear and tear" caused by allowing the premises to become "completely overrun with garbage and filth." It did not mention that the landlords had already been compensated for the expenses involved in having such garbage and filth taken away. And the jury verdict asked only: "What amount of money will reasonably compensate the plaintiffs for the excessive damages?" *i.e.* "damage to the farm over and above the normal wear and tear which an ordinary occupancy would bring." It is true that the tenants, appearing pro se, did not object to the form of the ver-

dict or instructions given. However, in overruling their objections to the pictures showing the accumulated debris and rubbish, the trial court noted that the jury would be able to distinguish between damages sought in the complaint and damages earlier awarded the landlords for the expenses incurred in removing the debris. Absent specific instructions, the jury cannot be presumed to have distinguished at all between diminished value caused by broken windows and marked walls, and diminished value caused by manure, wrecked cars, debris and rubbish strewn around the premises. The pictures they took with them to the jury room made no such distinction, and the instructions given did not suggest that they were to make such distinction. We do not find an error of law or abuse of discretion in the trial court's admitting, over objection, the pictures showing the debris that was removed as well as the damage that remained after the debris was carted away. Trial courts have a wide discretion in this area.[12] Nor, in the absence of objection by the tenants or request made for differing instructions or form of verdict, do we find error as to instructions given or form of verdict submitted. However, on this record and as to the issue of damages only we find that justice has here probably miscarried for the reason that the jury was not instructed and the form of verdict submitted did not require that debris and rubbish, for the expense of removal of which the landlords had already been compensated, was not to be considered in determining damages awardable in this action. So the judgment as to damages is reversed and set aside. We direct a retrial on the issue of damages only, but in view of the extended litigation and the costs and time involved to all parties, we attach a *Powers*

[12] *See: Lisowski v. Chenenoff* (1968), 37 Wis. 2d 610, 626, 155 N. W. 2d 619. *See also: Whitty v. State* (1967), 34 Wis. 2d 278, 294, 149 N. W. 2d 557.

option to the plaintiffs. The award of damages of $850 for rent due is left undisturbed. After our review of the entire record the award for damage done to the farm is fixed at $1,000. If the respondents elect to accept the reduced award for damage done to the farm, judgment is to be entered in such amount, plus costs and disbursements. If the respondents do not exercise such option within twenty days after return of the record to the trial court, a new trial is to be had on the issue of damages to the premises only.

*Change of venue.* The tenants-appellants seek to challenge on this appeal the trial court denial of their motion for change of venue from Marathon county to next-door Portage county. Their motion was denied by the trial court for two stated reasons: (1) They did not appear at the hearing on the motion; and (2) they were found to be residents of Marathon county. As to the first, a motion is deemed abandoned where a moving party fails to appear at the hearing on it.[13] Now, by affidavit, the appellants seek to explain or justify their failure to appear on their motion. While the order denying change of venue is not itself appealable,[14] an order is reviewable before the trial court when entered through "mistake, inadvertence, surprise or excusable neglect."[15] It is under this statute that an order denying a motion for change of venue based on nonappearance must be challenged. Not on motion for new trial,[16] and not on

[13] 56 Am. Jur. 2d, *Motions, Rules, and Orders*, p. 18, sec. 22.

[14] *Will v. H&SS Department* (1969), 44 Wis. 2d 507, 521, 171 N. W. 2d 378, this court holding: "The general rule is that an order which denies a motion for change of venue is not an appealable order."

[15] Sec. 269.46 (1), Stats.

[16] Sec. 270.49, Stats., permits a party to move for a new trial ". . . because of errors in the trial." Denial of a motion for change of venue is not such error in the trial. *See:* 66 C. J. S., *New Trial*, p. 107, sec. 15; 58 Am. Jur. 2d, *New Trial*, p. 221, sec. 32.

appeal of the judgment later on, can failure to appear be re-examined and deemed justified under the statute. The trial court also found the appellants here to be residents of Marathon county. We note that the summons in this action was served on them in Marathon county, thus, holding that they are now precluded from arguing the denial of their motion on ground of their nonappearance, does not appear to have affected the likelihood of a reversal on the merits of the exercise of trial court discretion in denying the change of venue motion.

*Denial of discovery.* The tenants moved or requested the trial court for an opportunity to inspect and copy certain documents, plus a right to inspect the premises, then occupied by the new purchaser of the farm. Apparently this request was denied. On post-trial motions the trial court noted the failure of appellants to call witnesses adversely or to issue subpoenas for the documents involved. Where one has not tried to subpoena a desired document, he cannot be heard to claim that he was denied access to such document.[17] The respondents in this action did not deny right of access to property owned by another, for this was a right no longer theirs to grant or control. The respondents here did not deny access to documents which the appellants elected not to subpoena. As this court has phrased it, the appellants here simply failed to utilize ". . . the usual and simple procedural steps to obtain such documents."[18]

As to Case No. 190, we affirm in part and reverse in part, reversing, in the interest of justice, only the portion of the judgment that relates to damages. Our ap-

[17] *Nagle Motors, Inc. v. Volkswagen North Central Distributor, Inc.* (1971), 51 Wis. 2d 413, 422, 187 N. W. 2d 374, this court holding: "The short answer to this contention [denial of access] is that it has not tried to subpoena any documents, and any assertion, therefore, that it has been denied any documents necessary for the prosecution of its suit is contrary to the facts of record."

[18] *Id.* at page 422.

plication of the *Powers* rule requires that the cause be remanded to the trial court with the direction that the landlords-respondents have the option to elect to take judgment in the amount fixed by this court in this opinion, plus taxable costs. Such election shall be made in writing within twenty days after the return of the record to the trial court. In the event that the respondents refuse or neglect to make such election within twenty days, the trial court shall enter an order for a new trial on the issue of damages.

*Case No. 469—Tenant v. landlord.*

The primary issue on this appeal relates to the trial court's sustaining respondent's demurrer to appellant's complaint, filed following the award of damages to the landlords against the tenants in the case above reviewed. The roles of the parties are here reversed, with the plaintiff-appellant, Loraine Steinpreis, a tenant, suing defendant-respondent, Myron Laska, a landlord, for damages for emotional distress, nervous strain and humiliation, alleging that the landlord ". . . observed, watched, trailed, shadowed, eavesdropped, and peeked and took various pictures . . ." of plaintiff without permission and, in a second cause of action, that the defendant ". . . did with excessive speed drive a tan Volkswagen upon the front lawn, scattering our children. . . ." The trial court found no cause of action stated by the complaint. On appeal plaintiff claims three, and only three, bases for liability to be stated and pleaded in her complaint—trespass, nuisance and false imprisonment.

*Trespass.* When challenged by demurrer, pleadings are to be liberally construed, and are entitled to all reasonable inferences in favor of the pleadings which can be drawn from the facts pleaded.[19] However, a com-

---

[19] *Padilla v. Bydalek* (1973), 56 Wis. 2d 772, 775, 203 N. W. 2d 15.

plaint, to withstand demurrer, ". . . must still allege acts sufficient to show an invasion of some protected interest to state a cause of action."[20] At all times mentioned in the complaint, the relationship between the parties was that of landlord (the defendant-respondent) and tenant (the plaintiff-appellant), so we do not have the situation of a stranger trespassing, without permission or invitation, upon the land belonging to another. Moreover, the earlier eviction proceeding, of which the court took judicial notice, is here material. The appellant's failure to contest the right to possession in the eviction action precludes her from now asserting such right to possession against this respondent.[21] The right to possession is a necessary element in an action based on trespass.[22] It is lacking here.

*Nuisance.* This court has defined a private nuisance as ". . . an unreasonable interference with the interests of an individual in the use or enjoyment of land," adding, "The interference may result from negligent conduct."[23] In a subsequent case, this court held that " '. . . private nuisances require some substantial interference with the interest involved.' "[24] In a claim of private nuisance being maintained, the nuisance must be established to be ". . . a use of one's own property in such a manner as to cause injury to the property or other right or interest

---

[20] *Id.* at page 776.

[21] 50 C. J. S., *Judgments,* p. 247, sec. 740, stating: "A judgment in an action of forcible entry and detainer is conclusive between the parties as to matters which could and should have been adjudicated as well as to matters put in issue and determined, such as the fact of, or right to, possession of the premises . . . ."

[22] *Klitzke v. Ebert* (1943), 244 Wis. 225, 228, 229, 12 N. W. 2d 144.

[23] *Hoene v. Milwaukee* (1962), 17 Wis. 2d 209, 214, 116 N. W. 2d 112.

[24] *Abdella v. Smith* (1967), 34 Wis. 2d 393, 398, 149 N. W. 2d 537, quoting Prosser, *Law of Torts* (3d ed.), p. 598, sec. 88.

of another . . . ."[25] In a claim by a tenant of damage based upon a landlord's coming onto the land leased by him to such tenant, the theory of maintenance of a private nuisance is not available to the tenant as the theory of the case for a valid cause of action.

*False imprisonment.* In this state and elsewhere, false imprisonment involves ". . . 'The unlawful restraint by one person of the physical liberty of another.' "[26] A required element of a cause of action based on claim of having been falsely imprisoned is "intent to cause a confinement."[27] It is enough here to hold that nowhere in this complaint, either in its first or second cause of action, do we find allegations that would, if proved, establish a cause of action based upon a claim of false imprisonment. We mention and dispose of this contention solely because it is one of the three, and the last of the three, contended by the appellant as able to withstand demurrer.

*Intentional tort.* Additionally, the trial court reviewed and rejected the demurrability of the complaint viewed as an action in tort for damages for emotional distress. The claim of damages here is for emotional stress, strain and humiliation, unaccompanied by physical injury. In this state damages for emotional distress, unaccompanied by physical injury, are not to be awarded in cases involving negligence only.[28] However, where an intentional

[25] 58 Am. Jur. 2d, *Nuisances,* p. 556, sec. 2.

[26] *Strong v. Milwaukee* (1968), 38 Wis. 2d 564, 566, 157 N. W. 2d 619, citing *Lane v. Collins* (1965), 29 Wis. 2d 66, 69, 138 N. W. 2d 264, and *Weber v. Young* (1947), 250 Wis. 307, 311, 26 N. W. 2d 543.

[27] *Id.* at page 568.

[28] *Piorkowski v. Liberty Mut. Ins. Co.* (1975), 68 Wis. 2d 455, 464, 228 N. W. 2d 695, this court holding: "As to the recoverability of damages for emotional strain, not manifested by or causative of any physical injury, the allowance of damages for such claim of mental anguish or emotional distress encounters the majority

tort is alleged and established, damages for emotional distress only can be awarded if the following four factors or conditions precedent are present: (1) That the defendant behaved as he did for the purpose of causing emotional distress for the plaintiff; (2) that the defendant's conduct must be extreme and outrageous; (3) that the defendant's conduct was a cause-in-fact of the injury; and (4) that the plaintiff must demonstrate that he suffered an extreme disabling emotional response to the defendant's conduct.[29] In the case establishing these four prerequisites, *Alsteen v. Gehl,* recovery was denied because the conduct ". . . though unreasonable, was not extreme or outrageous . . . ."[30] The trial court found, in the four corners of the pleading, no reason here to term the defendant's conduct either extreme or outrageous. As to plaintiff's second cause of action, involving the landlord's driving an automobile onto the premises, we agree and uphold the trial court's sustaining of the demurrer without leave to plead over.

As to plaintiff's first cause of action, the picture is blurred by the impreciseness of the pleading and the ob-

holding in the *Ver Hagen Case.* (*Ver Hagen v. Gibbons* (1970), 47 Wis. 2d 220, 177 N. W. 2d 83.) There the plaintiff sought to recover damages for mental anxiety and emotional distress occasioned by his having to flee from the scene of a fire. There, by a four-to-three majority, our court held that '. . . psychological or emotional damage caused by negligence is, in limited circumstances, compensable,' (*Id.* at page 225.) but that, in negligence cases, the '. . . emotional stress must be manifested by physical injuries . . . .' (*Id.* at page 227.) Any cause of action for negligent infliction of emotional strain without any accompanying physical injury was then, there and thus rejected. . . ."

[29] *Alsteen v. Gehl* (1963), 21 Wis. 2d 349, 359, 360, 124 N. W. 2d 312.

[30] *Id.* at page 361. *See also: Slawek v. Stroh* (1974), 62 Wis. 2d 295, 215 N. W. 2d 9.

vious commingling of a variety of theories of the case in a single count or cause. Given this situation, the trial court was not required to search the complaint, beyond the theories of liability asserted by the plaintiff, to ". . . determine whether each and all included but undifferentiated theories of the case state a cause of action."[31] A statute[32] provides, in substance, that the court may order a complaint made more definite and certain ". . . when the pleading is so indefinite or uncertain that the precise nature of the complaint or the defense thereto is not apparent."[33] The trial court here could have ordered the complaint made more definite and certain.[34] Or, given this allegation of alternative theories in a single count, the trial court could have held that such commingled allegations, on demurrer, are to be ". . . construed as pleading only the least, rather than the greatest allegation, and are fatally defective if the least allegation does not state a cause of action."[35] However, where such scrambling of a variety of eggs into a single omelet is encountered, and the sustaining of a demurrer is based on an unto-the-least-of-these evaluation, the sustaining of the demurrer is to be accompanied with leave granted to the plaintiff to plead over and file an amended complaint.[36] Given a pro se complaint with its first cause of action containing allegations that are ". . . disjointed, intermingled and aim in too many directions,"[37] we conclude that, as to such first cause of action, while the

[31] *Revival Center Tabernacle v. Milwaukee* (1975), 68 Wis. 2d 94, 100, 227 N. W. 2d 694.

[32] Sec. 263.43, Stats.

[33] *Medved v. Baird* (1973), 58 Wis. 2d 563, 567, 207 N. W. 2d 70.

[34] *Id.* at page 568.

[35] *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 431, 213 N. W. 2d 64.

[36] *Revival Center Tabernacle v. Milwaukee, supra,* footnote 31, at page 100.

[37] *Medved v. Baird, supra,* footnote 33, at page 567.

order of the trial court sustaining defendant's demurrer is not to be reversed, it ought, in the interest of justice, be modified to permit the plaintiff here to plead over and file an amended complaint. If, as written briefs and oral arguments on appeal suggest, no more is here involved than a landlord coming onto the premises, accompanied by a deputy sheriff, to determine and photograph damage done and debris scattered about the place by a tenant, the option to replead, here granted the plaintiff, will be of no consequence or avail. But on a cause of action so vaguely and imprecisely worded and resting upon intermingled theories of liability, we modify the trial court order sustaining the demurrer only to grant the leave to plead over.

*Extension of time.* Appellant also claims that the trial court abused its discretion in extending the time within which the respondent's attorney could file a responsive pleading. The Wisconsin statutes provide that a trial court may thus extend the time for the filing of a responsive pleading ". . . in its discretion . . . where the failure to act was the result of excusable neglect . . . ."[38] The authority granted by this section is highly discretionary, and a trial court's determination in this respect will not be disturbed except for a clear abuse of discretion.[39] In the situation here presented, the respondent's attorney stated that the excusable neglect involved a summer vacation, the press of other business upon his return and a failure to note receipt of appellant's complaint on his office "tickler" system. In addition, the trial court found that respondent's counsel took affirmative action to remedy the default and that his actions "indicate diligence and a conscientious effort to act in good faith to protect his client's rights." Prompt

[38] Sec. 269.45 (2), Stats.

[39] *Wagner v. Springaire Corp.* (1971), 50 Wis. 2d 212, 217, 184 N. W. 2d 88.

action by a defaulting party to remedy the situation caused by his neglect is a material factor to be considered when determining whether such neglect was excusable.[40] Here the attorney involved did take prompt action to correct the oversight after discovering it two days after the deadline. We find no abuse of discretion in the trial court's granting here an extension of time within which to file a responsive pleading.

As to Case No. 469, we affirm the trial court's granting an extension of time within which to file a responsive pleading, and affirm the trial court's order sustaining the demurrer of the defendant, but modify such order to grant the plaintiff leave to plead over and file, within twenty days after remand of the record to the trial court, an amended complaint.

*By the Court.*—*Case No. 190*—Judgment and order affirmed in part, reversed in part, and cause remanded with directions for further proceedings consistent with this opinion. *Case No. 469*—Order affirmed granting an extension of time within which to file a responsive pleading. Order affirmed sustaining the demurrer of the defendant-respondent but modified to grant the plaintiff-appellant leave to plead over and file, within twenty days after remand of the record to the trial court, an amended complaint.

---

[40] *Collings v. Phillips* (1972), 54 Wis. 2d 204, 210, 194 N. W. 2d 677, citing *Cruis Along Boats, Inc. v. Standard Steel Products Mfg. Co.* (1964), 22 Wis. 2d 403, 126 N. W. 2d 85.