KARL W. MARQUARDT, Executive Secretary, Pharmacy Examining Board
You request my opinion whether sec. 450.11 (5), Stats., as created by ch. 346, Laws of 1975, permits the sale of contraceptive articles, including oral contraceptive drugs, by professional nurses, or whether such provision is limited by sec.450.07 (3), Stats., which restricts the dispensing of prescription drugs to registered pharmacists or practitioners.
Section 450.11 (5), Stats., as created by ch. 346, Laws of 1975, provides:
 "No person except a pharmacist registered under s. 450.02, a physician or surgeon licensed under s. 448.06
(1), or a professional nurse registered under s. 441.06, may offer to sell or sell contraceptive articles."
The definition of a "contraceptive article" is contained in sec.450.11 (1), Stats.:
 "As used in this section, `contraceptive article' means any drug, medicine, mixture, preparation, instrument, article or *Page 159 
device of any nature used or intended or represented to be used to prevent a pregnancy." (Emphasis added.)
Section 450.07 (3), Stats., provides:
 "No person, except a registered pharmacist or a practitioner, shall prepare, compound, dispense or prepare for delivery for a patient any prescription drug. (Emphasis added.)
The apparent conflict among these provisions arises because oral contraceptive drugs qualify as prescription drugs under the definition set forth in sec. 450.07 (1)(a)1., Stats.
One of the purposes behind enactment of the new sec. 450.11
(5), Stats., was to accommodate and facilitate the growing phenomenon of family practice clinics by enabling professional nurses to sell contraceptives without requiring that a doctor be present to witness the transaction. That being the case, it is incongruous that the Legislature would pass a law permitting nurses to sell nonprescription contraceptives but not birth control pills.
Also, it is a cardinal rule of statutory construction that conflicts between different statutes, arising by implication or otherwise, are not favored and will not be held to exist if the statutes may otherwise be reasonably construed. Strong v.Milwaukee, 38 Wis.2d 564, 570, 157 N.W.2d 619 (1968). It is my opinion that secs. 450.11 (5) and 450.07 (3), Stats., can be reasonably construed in a way which reconciles any apparent conflict between them.
The term "dispense," found in sec. 450.07 (3), Stats., is distinct in meaning from the term "sell," found in sec. 450.11
(5), Stats. A statutory definition of "dispense" can be found in the Uniform Controlled Substances Act at sec. 161.01 (7), Stats., which provides:
 "`Dispense' means to deliver a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner, including the prescribing, administering, packaging, labeling or compounding necessary to prepare the substance for that delivery." (Emphasis added.)
Similarly, Webster's Third New International Dictionary (1961) defines "dispense" as "to prepare and distribute (medicines)." In contrast, the word "sell" as defined in Webster's, supra, means "to give up (property) to another for money or other valuable consideration." "Dispense," as used in sec. 450.07, Stats., is the *Page 160 
broader of the two terms and includes acts which constitute "selling" as well as other matters.
Thus, a pharmacist in dispensing a prescription drug not only delivers it to an ultimate user but is also authorized to involve himself in all steps necessary to prepare the substance for delivery, which may include packaging, labeling or compounding. A nurse in selling a contraceptive article which is a prescription drug may merely turn it over to someone in exchange for a valuable consideration after the drug has already been prepared. A nurse therefore is authorized to act in a much more limited capacity. However, in the usual case involving birth control pills already compounded, packaged, and labeled by the manufacturer the pharmacist's actual role will be little different from the nurse's.
It is presumed that the Legislature in enacting new laws acts with full knowledge of preexisting statutes. Kindy v. Hayes,44 Wis.2d 301, 314, 171 N.W.2d 324 (1969); Muskego-Norway C.S.J.S.D.No. 9 v. W.E.R.B., 35 Wis.2d 540, 151 N.W.2d 617 (1967). In recreating sec. 450.11, Stats., by ch. 346, Laws of 1975, the Legislature specifically restricted the nurses' activity to one of selling. It was fully aware of sec. 450.07 (3), Stats., which allowed only registered pharmacists and practitioners to "dispense" a prescription drug. It is also important to note that the Legislature specifically restricted the authorization to sell to a "professional nurse registered under sec. 441.06, Stats." Such a nurse appears to be only a registered nurse, commonly known as an R.N. Section 441.10, Stats., provides for registration of practical nurses, commonly known as L.P.N.'s, and sec. 441.10 (3)(c), Stats., explicitly excludes an L.P.N. from the category of professional nurses. The restriction is in conformity with the purpose behind enactment of sec. 450.11 (5), Stats., as it ensures that contraceptives will be sold only by persons well trained to answer questions about them which may occur to the buyers, while at the same time freeing physicians from the duty of participating in the sale itself.
Therefore, it is my opinion that sec. 450.11 (5), Stats., now permits a professional nurse registered under sec. 441.06, Stats., as well as pharmacists and practitioners, to offer to sell or sell any contraceptive article, including an oral contraceptive drug, once it has been prepared for delivery. Note, however, that there has been no change in the law regarding who may prescribe birth control pills. *Page 161 
Only a medical practitioner may do so. See sec. 450.07 (1) (f), Stats. And, of course, a prescription is necessary to anyone to deliver such pills. See secs. 450.07 (1) (a)1. and 450.07 (2), Stats. Similarly, there has been no change regarding who may "prepare, compound [or] dispense" birth control pills. Only a registered pharmacist or practitioner may do so. See sec. 450.07
(3), Stats.
BCL:SMS