KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You ask when a county with a population under 500,000 may destroy case records maintained by the county social services agency pursuant to sec. 48.59(1), Stats.
It is my opinion that a county with a population of under 500,000 may provide for the destruction of such records by enacting an ordinance pursuant to sec. 19.21(6), Stats.
Section 48.59(1), Stats., provides, in part:
 The county agency shall keep a complete record of the information received from the court, the date of reception, all available data on the personal and family history of the child, the results of all tests and examinations given the child and a complete history of all placements of the child while in the legal custody of the county agency.
The general rule is that public records may not be destroyed without express legislative authority. 46 Op. Att'y Gen. 8 (1957); 38 Op. Att'y Gen. 22 (1949); 37 Op. Att'y Gen. 330 (1948). Sections 19.21(6), 59.715 and 889.30, Stats., all contain express legislative authority for counties to destroy certain kinds of documents. Section 59.715, Stats., lists approximately twenty-two categories of records which may be destroyed upon compliance with certain conditions. Since records maintained under the provisions of sec. 48.59(1), Stats., do not fit within any of these categories, neither sec. 59.715, Stats., nor sec. 889.30, Stats., permit the destruction of original case records concerning children. Specific legislative authority to destroy *Page 197 
these records is, however, contained in sec. 19.21(6), Stats., which provides:
 Any county having a population of 500,000 or more may provide by ordinance for the destruction of obsolete public records without regard to ss. 59.715 to 59.717 and may undertake a management of records service and any other county may so provide subject to ss. 59.715 to 59.717. The period of time any public record shall be kept before destruction shall be determined by ordinance except that in all counties the specific period of time expressed within s. 59.715 shall apply. Prior to any destruction of records under this subsection, except those specified within s. 59.715, at least 60 days' notice of such destruction shall be given in writing, to the historical society, which may preserve any records it determines to be of historical interest. Notice is not required for any records for which destruction has previously been approved by the historical society or in which the society has indicated that it has no interest for historical purposes.
The emphasized language was derived from 1979 Assembly Bill 114. The following language from the Legislative Reference Bureau's analysis of that bill clearly indicates that the additional statutory language authorizes counties with a population under 500,000 to provide for the destruction of categories of documents not listed in sec. 59.715, Stats., as long as the criteria and procedures contained in secs. 59.715 — 59.717, Stats., are followed:
 Under current law, the power of towns and counties with a population of less than 500,000 to destroy obsolete public records is limited to certain types of records. This bill gives all counties and towns the power to provide by ordinance for the destruction of obsolete public records. The period of time for retention of the records set forth by the ordinance must comply with the requirements of specific laws and with minimum periods fixed by the public records board.
1979 Assembly Bill 114, as amended, was enacted by the Legislature as ch. 35, Laws of 1979. The Legislative Reference Bureau's statements concerning minimum requirements set by the Public Records Board probably refer to amendments made to sec. *Page 198 19.21(5)(b), Stats., which does not apply to counties. Shortly after the passage of ch. 35, Laws of 1979, the Legislature did, however, amend sec. 16.61(3)(e), Stats., to authorize the Public Records Board to set minimum periods of time for the retention of county records. See ch. 79, Laws of 1979. The Public Records Board currently has no requirements for the retention of case records maintained pursuant to 48.59(1), Stats.
The destruction of such records does not appear to conflict with any provision of secs. 59.715, 59.716 or 59.717, Stats. Consequently, an ordinance enacted pursuant to sec. 19.21(6), Stats., could provide for the destruction of obsolete case records maintained by the county social services agency, if the original records are first offered to the state historical society within the statutory sixty-day time frame.
In reaching the conclusion that these records may be destroyed, I have considered the possibility that sec. 19.21(6), Stats., might appear to conflict with sec. 48.59(1), Stats. But "it is a cardinal rule of statutory construction that conflicts between different statutes, arising by implication or otherwise, are not favored and will not be held to exist if the statutes may otherwise be reasonably construed. Strong v. Milwaukee,38 Wis.2d 564, 570, 157 N.W.2d 619 (1968)." 66 Op. Att'y Gen. 158, 159 (1977). Section 48.59(1), Stats., merely requires that case records be kept while they are needed, rather than in perpetuity. Once those records become obsolete, sec. 19.21(6), Stats., permits their destruction under an ordinance meeting the criteria of that statute.
BCL:FTC