**David K. GUENTHER, Plaintiff,**

v.

**Mark HOLMGREEN and City of Black River Falls, Defendants.**

**No. 83–C–289–S.**

United States District Court,
W.D. Wisconsin.

Oct. 26, 1983.

Carmichael & Murbarak, Superior, Wis., for plaintiff.

Radcliffe & Laabs, Black River Falls, Wis., Wightman, Thurow, Sauthoff & Alexander, Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Before the Court are summary judgment motions by each defendant. In this suit brought pursuant to 42 U.S.C. § 1983, plaintiff seeks to recover damages for what amounts to false arrest and imprisonment, claiming that he was arrested without probable cause, imprisoned overnight, and forced to stand trial on charges for which he was acquitted.

Defendants ask for summary judgment on the grounds that, first, plaintiff is estopped from claiming he was falsely arrested by operation of the state court's probable cause determination; and second, plaintiff was not deprived of liberty without due process of law by virtue of his overnight

incarceration nor by having to stand trial on the charges.

## FACTS

Plaintiff David K. Guenther is an adult resident of Black River Falls, Jackson County, Wisconsin.

Defendant Mark Holmgreen is a resident of Black River Falls and, for the time pertinent to the complaint, was employed as a police officer for the City of Black River Falls.

Defendant City of Black River Falls is a municipal corporation with its principal place of business at the City Hall of Black River Falls.

Defendant Holmgreen arrested David Guenther shortly after midnight on July 25, 1982, and transported him to the Jackson County Jail for a period of time. Guenther's wife asked Holmgreen what amount of bail would be required and was told that bail in the amount of $400 would be required. When she offered to post $400 in bail, Holmgreen refused to accept it. Plaintiff was thereafter transferred to the Wood County Jail. Bail was accepted at 9:00 A.M. on July 25, 1982, and Guenther's wife picked up the plaintiff at Wood County Jail at about 9:45 A.M. that day.[1]

By his attorney, plaintiff Guenther moved the Court in the state court proceeding of *State of Wisconsin v. David Guenther* to dismiss the charges against him on the ground of no probable cause for arrest. After a hearing on September 1, 1982, the trial court, the Honorable Louis Drecktrah presiding, denied the motion.

After trial in the case of *State of Wisconsin v. David Guenther*, David Guenther was found not guilty of a state charge of disorderly conduct and the jury was unable to reach a verdict on the state charge of resisting arrest. Presumably, the resisting arrest charge was subsequently disposed of in favor of Guenther.

According to plaintiff's complaint, the circumstances of plaintiff's arrest are as follows: On the night of July 24–25, 1982, plaintiff was attending Rick's Summerfest on the grounds of the Jackson County Fairgrounds. Shortly after midnight, plaintiff was conducting himself peacefully when he was struck in the mouth by another person attending the festivities, one Mark Oppelt. Plaintiff was immediately arrested, physically restrained, taken to the squad car in handcuffs and, thereafter, jailed. Plaintiff claims that he was not advised of his right to counsel, was not allowed to contact his attorney by phone, and was not informed of his privilege against self incrimination. Defendant City of Black River Falls is named as a defendant for its failure to properly train and supervise defendant Holmgreen.

## MEMORANDUM

■ To the extent that Guenther claims he was deprived of liberty without due process, it is clear that the holding of the Supreme Court in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is dispositive of the claim.

In *Parratt,* the Court held that the existence of state procedures which would make the plaintiff whole for a negligent deprivation of property were sufficient due process to negate the plaintiff's claim that the deprivation was without due process. In other words, a deprivation is not without due process as long as the process that is due is available.

Although there was some doubt subsequent to *Parratt* that the doctrine should be applied to intentional deprivations or deprivations of property as opposed to liberty, the recent case in this circuit of *State Bank of St. Charles v. Camic,* 712 F.2d 1140 (1983), disposes of this contention also. *See also Barnier v. Szentmiklosi,* 565 F.Supp. 869 (E.D.Mich.1983). There-

---

**1.** It is defendants' contention that Holmgreen transferred custody of the plaintiff to Jackson County officials after the arrest and, apparently, never again exercised control over plaintiff. Plaintiff Guenther's objections to these facts suggest that, at least, Holmgreen appeared to be in a position to exercise discretion with regard to continued custody and the Court accepts plaintiff's contentions as true for purposes of this motion.

fore, plaintiff cannot successfully assert that Holmgreen deprived him of liberty without due process even if Holmgreen exercised some authority over plaintiff's custody after arrest.

There is a state tort remedy for the matters which form the basis of plaintiff's complaint. False arrest, false imprisonment and malicious prosecution are actionable in Wisconsin. *Strong v. Milwaukee*, 38 Wis.2d 564, 157 N.W.2d 619 (1968).

The Court notes, incidently, that, although plaintiff's factual assertions are taken as true for purposes of this motion, the support for plaintiff's position is woefully lacking. It appears that custodial decisionmaking passed to county personnel upon plaintiff's delivery into county custody after arrest.

■ Plaintiff's complaint also raises issues concerning violations of plaintiff's Fifth and Sixth Amendment rights. *Camic*, above, is dispositive of plaintiff's claim that he was denied the right to contact an attorney by phone after his arrest. The right to counsel does not attach until the initiation of adversarial proceedings. 712 F.2d at 1144. Neither plaintiff's complaint nor his summary judgment filings raise any facts which would support a claim for a violation of the right to counsel within the meaning of *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ The complaint also alleges that plaintiff was not informed of his right to counsel nor of his right not to incriminate himself. It is clear that an accused does not have a constitutional right to *Miranda* warnings. Rather, the Supreme Court decided in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) that evidence obtained without a criminal defendant being informed of his Fifth and Sixth Amendment rights must be excluded. The warnings required under *Miranda* have no constitutional significance of their own. *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir.1968); *O'Hagan v. Soto*, 523 F.Supp. 625, 629 (S.D.N.Y.1981).

The Court is mindful of the admonition in *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) that:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released.

In *Baker*, the Court disposed of each of that plaintiff's post-arrest claims in a fashion similar to that employed above. However, it was presumed throughout that McCollan's arrest was, at the outset, lawful. That presumption is not available in this lawsuit because plaintiff Guenther asserts that there was no probable cause for his arrest. The fact that he was afforded a hearing regarding the existence of probable cause does not dispose of plaintiff's claim under the *Parratt* doctrine because the right assertedly violated was not one of procedural due process but was substantively protected by the Fourth Amendment. Presumably, someone who prevailed at a probable cause hearing might have a cause of action under § 1983 for injuries suffered directly as a consequence of his arrest.

■ Recognizing this, defendants argue that plaintiff is collaterally estopped from litigating the issue of probable cause because the issue was decided against him at his preliminary hearing. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (convicted felon collaterally estopped from litigating § 1983 claim based on Fourth Amendment search and seizure claim by prior determination against him at a suppression hearing).

Plaintiff counters that *Allen* is not dispositive of the issue. In *Whitley v. Seibel*, 676 F.2d 245 (7th Cir.1982), the Court held that, even after *Allen*, the traditional criteria of collateral estoppel must still be applied:

> Whether the issue sought to be concluded is the same as that involved in the prior action; was litigated in the prior action; was in fact judicially determined in the prior action; and whether the judgment in the prior action was depend-

ent upon the determination made of the issue.

*Whitley* at 248. Coincidentally, the issue which was the subject of the inquiry in *Whitley* was a probable cause determination made in a state court criminal proceeding. The Court concluded that Whitley was not collaterally estopped from litigating the issue in his § 1983 action.

The facts in *Whitley* were determinative. The Court held that there was a lack of identity of issues because the § 1983 suit "attacked the integrity, rather than the sufficiency, of the evidence." *Id.* at 249. Significantly, the Court in *Whitley* stated:

> Although we concede that there will be identical issues in a preliminary hearing and a Section 1983 suit when only the legality of the arrest is at issue, we do not find that proposition applicable to this case.

*Id.* The proposition is applicable to this case.

Plaintiff tries to frame the facts of this case with the facts of *Whitley*. He does not succeed. A review of the transcript of the probable cause hearing discloses that plaintiff contested both the sufficiency and integrity of the evidence against him. He tried to show that the evidence on which the arresting officer relied was pretext—in effect, that the events which formed the asserted basis for the arrest actually occurred after the arrest had taken place. Guenther thoroughly litigated the integrity of the officers who were prosecution witnesses, including defendant Holmgreen.

The third and fourth prongs were not met in *Whitley* because the Court felt that the "issue" which was sought to be precluded, the alibi defense, was neither judicially determined nor was the Court's determination dependent upon it. In this case, on the other hand, the "issue" was the entire matter of probable cause. The issue was joined, at the behest of party sought to be precluded here, and was judicially determined. After considerable testimony presented by both sides, and after what appears to be rigorous cross examina-

tion by Guenther's attorney, the Court determined that probable cause existed.

Plaintiff's main resistance to the contention that probable cause had been determined is based on the fact that the criminal trial jury was separately instructed concerning probable cause. This factor is of no help to Guenther. One of the charges against him was resisting arrest. One of the elements of that crime is that the officer executing the arrest was acting within his lawful authority. That in turn is dependent on whether probable cause existed. *See* Wisconsin Jury Instruction—Criminal, # 1765. It is elementary that the burden on the prosecution is to prove each element of the offense beyond a reasonable doubt. The trial court was required to submit the issue to the jury regardless of its prior determination.

There remains only one prong of the collateral estoppel test—whether the matter was, in fact, fully and fairly litigated. In *Whitley*, the Court held that the issue had not actually been litigated because the real issue in the § 1983 action was whether the officer knew or should have known that Whitley had an alibi. The alibi question was not litigated because, for tactical reasons, Whitley chose not to raise the issue within the context of a preliminary hearing, and he was not required to do so. In this case, plaintiff Guenther doesn't raise an issue which was not litigated, much less, as Whitley did, provide a reason why a matter which could have been litigated was not. The hearing was held at the behest of the criminal defendant (plaintiff here) apparently because he felt that this prosecution was groundless and that he could make a showing in this regard. There was, therefore, every reason for the plaintiff to fully litigate the issue of probable cause at the hearing, and there is no indication that it was not.

Thus, the first, third and fourth prongs of the test are clearly met here. As for the second, whether the issue was actually litigated, it appears that this prong has also been met as far as the parties have dis-

cussed the issue. One matter not raised by the parties gives the Court pause, however.

According to the Restatement of Judgments 2nd, § 28, relitigation of an issue which otherwise would be precluded by a prior determination is not precluded when:

> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action ...

The comments to the restatement go on to say that:

> The availability of review for the correction of errors has become critical to the application of preclusion doctrine. If review is unavailable because the party who lost on the issue obtained a judgment in his favor, the general rule of § 27 (general preclusion doctrine) is inapplicable by its own terms.

*Id.*, comment (a).

■ As a general matter, a probable cause determination against the criminal defendant is not appealable as a matter of right and is doubtless moot after the criminal proceeding concludes in favor of the criminal defendant. Wis.Stats., 808.03(1). However, under Wis.Stats. § 808.03(2), the State provides a procedure for interlocutory appeals which could have been utilized here. *See also* Wis.Stats. 809.50. Neither the Restatement, nor any case law of which the Court is aware, requires that reviewability of the determination which is sought to be utilized for preclusion must be a matter of right. It would appear that the purpose served by collateral estoppel doctrine—avoidance of relitigation of issues already decided—is served by holding that the requirement of availability of review to correct error is met by the interlocutory appeal procedure in the Wisconsin Statutes.

The purpose is also served by applying collateral estoppel in this case as well. Although this Court, under the procedural posture of this case, is not sitting in review of the trial court's determination, it is clear that the trial court's determination was correct. The standard of review of such determinations under Wisconsin law is not rigorous and amounts to, practically, a review as to whether there is any evidence to support the factual determination. *State v. Berby*, 81 Wis.2d 677, 260 N.W.2d 798, 802 (1978):

> *Regardless of who prevails at the preliminary hearing* we will only review the record enough to determine whether:
> ... there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, ...

*(emphasis supplied).* As is apparent from the underlined language above, the Wisconsin Supreme Court contemplates review of the probable cause determination. If the determination in this case had been reviewed, it would have withstood this level of scrutiny.

Further support for the Court's view is evident by implication from *Whitley* itself. Whitley was in essentially the same position as this plaintiff—allegedly wronged by a probable cause determination but prevailing on the criminal charge. In other words, he did not have the opportunity to appeal as a matter of right. The Court of Appeals exhaustively considered the collateral estoppel criteria, one at a time, without ever mentioning the reviewability issue which would have disposed of the question without further inquiry. The Court concludes that appellate review as a matter of right is not necessary in order to invoke collateral estoppel.

Accordingly, the Court holds that the probable cause determination in plaintiff's criminal case precludes the relitigation of this issue in this Court. All other possible causes of action in plaintiff's complaint having been disposed of,

### ORDER

IT IS ORDERED that the motions of defendant Holmgreen and City of Black River Falls are GRANTED. Judgment shall be entered in favor of the defendants with prejudice and costs.