Archie G. **STRUTT**, Appellant,

v.

Frank **UPHAM**, Appellee.

No. 25269.

United States Court of Appeals, Ninth Circuit.

March 25, 1971.

Robert W. Battin (argued), Santa Ana, Cal., for appellant.

James L. Crandall (argued), of Spray, Gould & Bowers, Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Archie G. Strutt brought this civil rights action for damages against Frank Upham, a police officer employed by Costa Mesa, California. In his amended complaint, Strutt alleged that, acting in his capacity as a police officer, Upham so negligently, corruptly and fraudulently conducted an investigation of certain bad-check charges involving Strutt, that he caused to be filed a false complaint against Strutt, resulting in the latter's false imprisonment for four months on a charge of violating California Penal Code, section 476a (drawing checks for which there were insufficient funds). The criminal complaint was thereafter dismissed.

The parties filed cross motions for summary judgment. The district court granted summary judgment for defendant Upham. Strutt appeals. He argues, in effect, that summary judgment for Upham should not have been entered because (1) there were genuine issues of material fact and (2) on the facts before the district court, Upham's liability was established under the Civil Rights Act because such facts show that Upham, acting under color of state law, violated Strutt's rights under the Fourth, Fifth and Fourteenth Amendments. We affirm.

Strutt filed nothing substantial to counter Upham's affidavit and numerous supporting documents establishing the exact procedures he followed in investigating the bad-check charges. Accordingly, there was no genuine issue of material fact. The unsupported conclusions stated in the amended complaint, that Upham acted "negligently, corruptly, fraudulently," and in Strutt's subsequent affidavit that Upham did not have "reasonable or probable cause" to arrest Strutt, are not sufficient to create an issue of fact, where a motion for summary judgment is supported by affidavits and documents disclosing specific and detailed evidence to the contrary.

The undisputed facts set out in Upham's supporting documents affirmatively establish that Upham, while acting in his capacity as a police officer, did not deprive Strutt of any of the latter's constitutional rights. He had ample probable cause to file the complaint and he acted in good faith. This is enough to defeat a civil rights action for damages against a police officer. *See* Pierson v. Ray, 386 U.S. 547, 557, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967); Notaras v. Ramon, 383 F.2d 403, 404 (9th Cir. 1967).

Affirmed.