**Anastasius G. TRITSIS, Plaintiff,**

v.

**Ronald BACKER et al., Defendants.**

**No. 72 C 1380.**

United States District Court,
N. D. Illinois, E. D.

March 12, 1973.

---

8. Affidavit of Joseph M. Donlon, Docket Item 15.

226

Victor F. Ciardelli, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., James H. Alesia, James C. Murray, Asst. U. S. Attys., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. The motion to dismiss is denied; the motion for summary judgment is granted.

Plaintiff alleges that he was arrested on July 24, 1971 on a warrant issued pursuant to a complaint that charged him with illegally transferring a certain firearm to defendant Backer. Said transfer allegedly took place on June 7, 1971, and the charges were eventually dismissed when plaintiff proved that he was out of the country on that date. Plaintiff alleges here that his arrest violated rights guaranteed to him by the Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution. He further alleges that defendants conspired to deprive him of these rights. It is alleged that a claim arises under 42 U.S.C. §§ 1983 and 1985 and that jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1332 and 1343.

From November 1970 to July 1971, defendant Backer was a Special Employee of the Bureau of Alcohol, Tobacco and Firearms of the Internal Revenue Service ("Bureau"). Eugene J. Healey, improperly named in the complaint as James Healy, was Acting Chief Special Investigator in the Bureau. Kenneth S. Borcia, improperly named in the com-

plaint as Kenneth S. Borscia, was a Special Investigator in the Bureau at the time of plaintiff's arrest.

■ Defendants' contention that this Court lacks subject matter jurisdiction is without merit. Without deciding whether jurisdiction exists under 28 U.S.C. § 1343 in the absence of action under color of state law, subject matter jurisdiction would exist here pursuant to 28 U.S.C. § 1331. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Bivens v. Six Unknown Named Agents, 409 F.2d 718, 720 (2d Cir. 1969), reversed on other grounds, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The requisite jurisdictional amount is alleged and is not contested by defendants.

■ The defendants contend that the action should be dismissed because they are immune from suit as federal police officers. Immunity has been granted to certain officials because of the discretionary nature of their duties and the public interest in performance by government employees without fear of suit. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

However, the Court is persuaded by the reasoning of Bivens v. Six Unknown Agents, 456 F.2d 1339, 1342–47 (2d Cir. 1972) that the defendants are not shielded by absolute immunity. In Bivens, the court emphasized the threat to personal liberties that might result if damage actions were removed as a deterrent to excesses committed by police officers in the exercise of their functions. It was also noted that local police officers do not have immunity under § 1983 of the Civil Rights Act, 42 U.S.C. § 1983, and that an absurd lack of symmetry would result were immunity granted to federal officers under circumstances such as those present here. This Court agrees, and dismissal pursuant to Fed. R.Civ.P. 12(b) is accordingly denied.

■ This Court also agrees with Bivens, at 1347–48, that a good faith and reasonable belief that an arrest was lawful constitutes a valid defense to allegations such as those here. The Bivens court stated that

"[t]he standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable. . . ."

Defendants have submitted affidavits in support of this good faith and reasonable belief defense and move for summary judgment under Fed.R.Civ.P. 56(b).

■ It appears from the affidavits that defendant Backer, acting as an undercover agent, purchased certain guns on June 7, 1971 at the Atlas Arms Company ("Atlas") which is partially owned by plaintiff. At least two men, besides Backer, were present on that occasion: one was Eric Semet; the other was not identified at that time. That unidentified person assisted Semet in locating parts to certain guns in which Backer expressed interest.

On June 11, 1971, Backer again met Semet at Atlas. Backer asked Semet whether the individual who helped locate the parts four days earlier was present. Semet reportedly stated that "Tasi" was not there. On July 23, 1971 Backer telephoned Semet and arranged a meeting at Atlas. In response to Backer's inquiry, Semet stated that Tasi would be there.

Defendant Borcia states in an affidavit that on June 14, 1971, he called Atlas and asked for Tasi. He was told that Tasi was not there and that Tasi was the manager of Atlas. The firearms licensee file of the Bureau indicated that Anastasius Tritsis was the manager and president of Atlas.

The affidavits set forth facts which would support a finding that defendants, in good faith, reasonably believed that an arrest was justified and lawful, and

that they carried out the arrest in a proper manner. The counter-affidavits submitted by plaintiff raise no genuine issue of fact on this score. This being the case, summary judgment is justified and is accordingly granted. See Strutt v. Upham, 440 F.2d 1236, 1237 (9th Cir. 1971).

It is so ordered.