**Anastasius G. TRITSIS, Plaintiff-Appellant,**

v.

**Ronald BACKER et al., Defendants-Appellees.**

**No. 73–1627.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 25, 1974.

Decided Aug. 15, 1974.

Andrew M. Raucci, Victor F. Ciardelli, Chicago, Ill., for plaintiff-appellant.

James R. Thompson, U. S. Atty., Martin B. Lowery, Asst. U. S. Atty., Chicago, Ill., for defendants-appellees.

Before PELL, STEVENS, and SPRECHER, Circuit Judges.

PELL, Circuit Judge.

Plaintiff-appellant Anastasius Tritsis brought this action to recover damages, for the alleged violation of his rights under the Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments to the federal constitution. In his complaint, Tritsis alleged that, on July 24, 1971, he was arrested, pursuant to a warrant, for illegally transferring a certain firearm in violation of 26 U.S.C. § 5861(e). The charges against Tritsis were dismissed when he proved that he was in Europe on June 7, 1971, the date of the alleged transfer. The defendants in this suit were employees of the Internal Revenue Service in the Bureau of Alcohol, Tobacco and Firearms ("Bureau") at the time of Tritsis' arrest: Ronald Backer was a Special Employee; Eugene Healey was Acting Chief Special Investigator; Kenneth Borcia was a Special Investigator.[1] Jurisdiction was alleged under 28 U.S.C. §§ 1331, 1332 and 1343.

The district court denied the defendants' motion to dismiss but sustained their motion for summary judgment.[2] The plaintiff appeals, claiming generally that the defendants had failed to show that there was no genuine dispute of material fact.

In Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that damages may be recovered for injuries resulting from a federal officer's violation of the Fourth Amendment. In the sequel to the Supreme Court decision, the Second Circuit noted that if the federal officer could show that he acted in good faith and with a reasonable belief in the validity of the arrest and search, the officer would have a valid defense to the suit for damages.

"[T]o prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was law-

---

1. Eugene Healey and Kenneth Borcia were misnamed "James Healy" and "Kenneth Borscia," respectively, in the complaint.

2. The district court's opinion is reported at 355 F.Supp. 225 (N.D.Ill.1973).

ful, but also that his belief was reasonable." Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 456 F.2d 1339, 1348 (2d Cir. 1972).

This court is in agreement with the Second Circuit's statement as to the elements of a valid defense.

In the present case, the defendants submitted affidavits in support of their contention that they acted reasonably and in good faith and moved for summary judgment. The facts concerning Tritsis' arrest, as set forth in the affidavits, are as follows.

On June 7, 1971, Backer, acting in an undercover capacity for the Bureau,[3] purchased several guns including a Schmeisser 9mm. German machine gun from one Ernie Semet at the Atlas Arms Company, of which company plaintiff was an owner and manager. Backer stated, in his affidavit, that Semet was aided by another man in the store in locating parts for the machine gun. On June 11, 1971, Backer, in another visit to Atlas, asked Semet if the individual who had helped locate the gun parts on June 7 was presently in the store. Semet replied that "Tasi" was not there. Borcia stated in his affidavit that, on June 14, 1971, he telephoned Atlas and asked for Tasi. The person answering the telephone told him that Tasi was not in and that Tasi was the manager of the store. In checking the Bureau's firearm licensee file, Borcia found that Anastasius Tritsis was listed as the manager and president of Atlas. On July 23, 1971, on the basis of this in-

formation, Borcia obtained arrest warrants for Semet and Tritsis. The warrant against Tritsis was executed the following day by Healey.

Along with the affidavits of the three defendants, the defense submitted two affidavits from Donald Kline, the Chief Special Investigator for the Bureau and the supervisor of Borcia and Healey. Kline described the proper procedure for making an arrest and stated that, in his opinion, Borcia and Healey acted within the scope of their authority.[4]

The plaintiff argues, albeit in an abbreviated fashion, that Backer's affidavit clearly establishes that the firearm was not "transferred" by the person identified as Tasi. Presumably if there was no basis for securing an arrest warrant, good faith would properly be subject to challenge. However, the affidavits clearly show that the individual identified as Tasi, while not physically handing the machine gun to the purchaser, did aid and abet in its transfer.

In opposition to the defendants' motion for summary judgment, the plaintiff filed his own affidavit and that of Quentin Durst, sheriff of Woodford County. Neither of these affidavits contained any information which opposed the facts set forth in defendants' affidavits. Thus, the sheriff's affidavit stated that Backer had never been a deputy sheriff of Woodford County although the sheriff had given him a deputy sheriff's card. We fail to see how this creates a dispute of fact bearing on the state of mind of the defendants

---

3. During some eight months prior to July 1971, Backer had "made undercover purchases of machine guns, destructive devices, stolen guns and other types of illegal firearms from over twenty (20) different individuals in several states. In the course of this investigation, Mr. Backer was always truthful and reliable."

4. Plaintiff argues that the affidavits of Borcia, Backer, and Kline were incompetent to the extent that they contained hearsay statements. Plaintiff does not specify to which statements he is referring. Presuma-

bly, he is complaining of the statements of persons other than the affiants that the man's name was Tasi and that Tasi was the manager of the store. Plaintiff's argument is without merit. These statements are not here excludable as hearsay since they were offered not as proof of the matter asserted but, rather, to show the affiants' reasonable belief and good faith. McCormick, Law of Evidence § 249, at 589–90 (2d ed. 1972). In the affairs of daily life, people do act upon the basis of utterances of others when, as here, there was a reasonable basis for doing so.

which, of course, was the issue before the district court.

We agree with the district court that the defendants were entitled to summary judgment in this situation. The facts set forth in the affidavits filed by the defense affirmatively establish that the defendants acted both reasonably and in good faith. Since the affidavits submitted by Tritsis raised no genuine issue of fact as to defendants' good faith or reasonable belief, summary judgment was proper. Strutt v. Upham, 440 F.2d 1236 (9th Cir. 1971).

Affirmed.