Lynn **BRUBAKER**, Plaintiff-Appellant,

v.

Thomas **KING**, Individually and in his capacity as Special Agent for the United States Bureau of Customs, et al., Defendants-Appellees.

No. 74–1041.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1974.

Decided Nov. 7, 1974.

---

Brent A. Barnhart, Indianapolis, Ind., for plaintiff-appellant.

Lloyd H. Milliken, Jr., and David T. Kasper, Stanley B. Miller, U.S. Atty., and Richard L. Darst, Asst. U.S. Atty., Indianapolis, Ind., for defendants-appellees.

Before HASTIE * and HASTINGS, Senior Circuit Judges, and FAIRCHILD, Circuit Judge.

HASTINGS, Senior Circuit Judge.

This is an appeal from a grant of summary judgment in favor of defendants, state and federal law enforcement officers, in a civil rights action based on 42 U.S.C. § 1983 and the Fourth Amendment, claiming false arrest and imprisonment.

The cause of action arose out of the following events. A package addressed to the plaintiff, Lynn Brubaker, in Muncie, Indiana, with a return address of American Express, Amsterdam, was intercepted by the United States Bureau of Customs in Chicago, Illinois, and found to contain approximately 426 grams of marihuana resin (hashish). Thomas King of the Bureau of Customs coordinated an investigation of the matter with Postal Inspector James D. Bordenet and Narcotics Detective Jack G. Fisher of the Muncie Police Department. The package was transported to Muncie and on February 23, 1972, a notice of attempt to deliver mail was left at the plaintiff's address by Bordenet while the parcel remained at the post office under the surveillance of King. About 45 minutes later plaintiff arrived at the post office, presented a bulky, registered, special delivery letter for mailing to Amsterdam and then presented the notice and claimed the parcel. As he was leaving the post office with the package

---

* Senior United States Circuit Judge William H. Hastie of the United States Court of Appeals for the Third Circuit is sitting by designation.

Brubaker was arrested by Detective Fisher, Officer Larry McCaffrey and Deputy Chief Jack Turner of the Muncie Police Department for violation of the Indiana Dangerous Drug Law for possession of dangerous drugs. Plaintiff was released on bond, was subsequently rearrested on an arrest warrant based on the same charge, and was again released on bond. With respect to each arrest, judges of the Magistrate Court and Superior Court of Delaware County, Indiana, respectively, made findings of probable cause for the arrest of Brubaker. The criminal charges were later dismissed on the motion of the State of Indiana.

In his complaint in the federal district court plaintiff alleged jurisdiction under 28 U.S.C. § 1343 for his cause of action based on 42 U.S.C. § 1983 against King, Bordenet, Fisher, Turner, McCaffrey and the City of Muncie, and under 28 U.S.C. § 1331 for his alternative claim against federal officials King and Bordenet based on the Fourth Amendment. District Judge S. Hugh Dillin dismissed the complaint against the City of Muncie for failure to state a claim upon which relief could be granted since a municipality cannot be held liable under 42 U.S.C. § 1983. Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). That dismissal is not challenged on appeal. The district court, in addition, granted summary judgment in favor of the five individual defendants on the grounds that the state court findings of probable cause were collateral estoppel, or, in the alternative, that the defendants' uncontradicted affidavits were sufficient to find probable cause as a matter of law under both the 42 U.S.C. § 1983 and Fourth Amendment theories of the case. Brubaker appeals from the grant of summary judgment in favor of the defendants. Upon review of the facts and the applicable law we affirm, although on grounds somewhat different than those of the district court.

## I.

We turn, first, to what constitutes a defense in a claim against a law enforcement officer based on 42 U.S.C. § 1983 or directly upon the Fourth Amendment so that we might measure the facts presented in this case against the appropriate legal standards. Plaintiff's claim against the three Muncie police officers was based on 42 U.S.C. § 1983. His claim against federal officers King and Bordenet was based on alternative theories. He alleged that either their conduct was under color of state law and therefore actionable under § 1983 because they acted in concert with state officials or that their conduct was independently actionable under the Fourth Amendment and the holding of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that the Fourth Amendment created a cause of action for money damages. We need not decide whether, under the facts of this case, it was appropriate to proceed against the federal defendants on the § 1983 theory since we are convinced that the standard for what constitutes a defense for a law enforcement officer is identical under § 1983 and the Fourth Amendment.

■ The Supreme Court has held, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), and has recently reaffirmed, Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), that the defense of good faith and probable cause is available to police officers in a civil rights action based on § 1983. In *Pierson,* the Court explained how the two elements of good faith and probable cause were to be applied as a standard: "[I]f the jury found that the officers reasonably believed in good faith that the arrest was constitutional, then a verdict for the officers would follow even though the arrest was in fact unconstitutional." 386 U.S. at 557, 87 S.Ct. at 1219. The test, thus, under § 1983 is not whether the arrest was constitutional or unconstitu-

tional or whether it was made with or without probable cause, but whether the officer believed in good faith that the arrest was made with probable cause and whether that belief was reasonable.[1]

It is now clear that an identical standard is to be applied in civil rights claims against federal officials based on the Fourth Amendment. When the Supreme Court held that the Fourth Amendment created a cause of action against federal officials in *Bivens, supra,* it did not reach the question of whether the officers had the benefit of any immunity or defenses. Upon remand to the Court of Appeals for the Second Circuit these questions were answered in a well reasoned opinion by Judge Medina, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 2 Cir., 456 F.2d 1339 (1972). The court there held that the law enforcement officials were not entitled to immunity where it was alleged that constitutional rights were violated and that, in an action for damages based on the Fourth Amendment, officers were entitled to the same defense of good faith and probable cause found in *Pierson, supra,* to be available in cases arising under § 1983. Judge Medina reasoned that since the Fourth Amendment cause of action was analogous to one based on § 1983 it was important that the legal standards applied be consistent. The following statement of the standard by Judge Medina was recently adopted by our court in Tritsis v. Backer, 7 Cir., 501 F.2d 1021 (1974):

> [T]o prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 2 Cir., 456 F.2d 1339, 1348 (1972).

As Circuit Judge Lumbard emphasized in his concurrence in *Bivens,* the reasonable man standard to be applied in tort actions against governmental agents is less stringent than the definition of probable cause applied in criminal proceedings. Judge Lumbard wrote:

> This second and lesser standard is appropriate because, in many cases, federal officers cannot be expected to predict what federal judges frequently have considerable difficulty in deciding and about which they frequently differ among themselves. It would be contrary to the public interest if federal officers were held to a probable cause standard as in many cases they would fail to act for fear of guessing wrong. *Bivens, supra,* 456 F.2d at 1349 (Lumbard, J., concurring).

We conclude, therefore, that it is a defense to an action for damages under § 1983 or the Fourth Amendment for a law enforcement officer to prove that he acted in good faith with a reasonable belief in the constitutionality of his conduct.

## II.

Having determined that the test of probable cause in criminal proceedings is not the test to be applied in actions for damages, we find that a

---

1. This test is not inconsistent with our court's holding in Joseph v. Rowlen, 7 Cir., 402 F.2d 367 (1968). In *Joseph,* the plaintiff sued Police Officer Rowlen under 42 U. S.C. § 1983 for false arrest and imprisonment. Joseph had been arrested while approaching passersby on the street trying to sell pots and pans. He was arrested under a city ordinance proscribing soliciting from house to house, although Officer Rowlen admitted he knew "soliciting didn't cover it." 402 F.2d at 368. In *Joseph,* therefore, the defendant had no reasonable belief in the validity of the arrest. Under such circumstances, the court correctly held that inquiry into good faith was unnecessary. As we hold in the instant case, there is only a valid defense if the arrest was made both in good faith and with a reasonable belief in its constitutionality. Where one element of the test is clearly not satisfied, investigation into the other element need not be pursued.

state court determination that there was probable cause to arrest made in the course of a criminal prosecution is not collateral estoppel in a subsequent action for damages under § 1983 or the Fourth Amendment since the issues involved are not identical.[2] Collateral estoppel operates only if the "very fact or point now in issue" was determined in prior litigation. F. James, Civil Procedure 576 (1965). Peterson v. Clark Leasing Corp., 9 Cir., 451 F.2d 1291 (1971); 1B Moore's Federal Practice ¶ 0.443[2].

Since the question at issue here could not be resolved by collateral estoppel, it was necessary for the federal district court in considering the motion for summary judgment, independently to review the facts to determine whether defendants had proved that their actions were undertaken in good faith with a reasonable belief in their constitutional validity.

### III.

■ Summary judgment was appropriate if there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Rule 56(c), F.R.C.P., 28 U.S.C. Rule 56(c) provides that a party opposing a motion for summary judgment may not rest upon his pleadings but must set forth specific facts showing that there is a genuine issue for trial. Since the plaintiff here filed no affidavits or other evidence produced by discovery, the district court properly concluded that there was no genuine issue of material fact and summary judgment was appropriate.

The question to be determined on summary judgment is whether the facts, as shown by defendants' affidavits, demonstrate, as a matter of law, that the defendants in good faith had a reasonable belief that their arrest of Brubaker was made with probable cause.

Affidavits from Bordenet and King and from King's Bureau of Customs Supervisor, Robert S. Baker, were submitted by defendants. The affidavits indicate that the contents of the package had been scientifically tested and been found to contain about 426 grams of hashish, that it had been mailed to Brubaker from Amsterdam and that the plaintiff mailed a bulky, registered, special delivery letter to Amsterdam, and then claimed the package. On appeal, Brubaker concedes that the affidavits provide sufficient evidence that he had actual physical possession of an unlawful substance, but he argues that there was inadequate evidence to show that he had knowledge of the existence of the hashish and of its unlawful character. Plaintiff cites no cases indicating that evidence of such knowledge is necessary for probable cause to arrest for possession and we have found none. Even if evidence of knowledge were required there is sufficient evidence from which knowledge could have been inferred. It was reasonable to infer that such a large shipment of hashish would not have been sent to someone without prior arrangement. Further, the plaintiff sent a letter to Amsterdam, the source of the package, immediately before claiming the package which suggested that he knew its contents.[3]

As we have determined here, however, the question is not whether there was, in fact, probable cause for the arrest, but whether the defendant officers had a reasonable, good faith belief that probable cause existed. The affidavits of

---

2. In any event, under the record in this case, it cannot be said that the state courts did not have before them more evidence to support a finding of probable cause than was within the knowledge of the officers at the time of the arrest.

3. At oral argument plaintiff stated that the evidence did not clearly show that the police officers knew, at the time of the arrest, of the letter mailed to Amsterdam. Plaintiff, however, had the opportunity prior to summary judgment to request interrogatories or take depositions of the defendants to clarify this question but he failed to do so. The question is not determinative here in any case, because even if the officers had not known of the letter prior to the arrest there still would have been sufficient facts to warrant a reasonable belief of probable cause.

King and Baker specifically state that King, who initiated and coordinated the investigation which led to Brubaker's arrest, acted in good faith, and all the circumstances of this case support no other conclusion but that all of the officers acted in good faith. The belief of the officers that there was probable cause to arrest was entirely reasonable. We therefore conclude that the uncontested facts show that the defendants acted in good faith with a reasonable belief in the validity of the arrest.

In light of the foregoing, the judgment appealed from is affirmed.

Affirmed.