**Louis Peter BOSCARINO,**
**Plaintiff-Appellee,**

v.

**Carl NELSON, Defendant-Appellant.**

**No. 74–1677.**

United States Court of Appeals,
Seventh Circuit.

Heard Feb. 25, 1975.

Decided July 14, 1975.

James B. Brennan, City Atty., Rudolph T. Randa and Thomas E. Hayes, Asst. City Attys., Milwaukee, Wis., for defendant-appellant.

Gary A. Gerlach, Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

Pursuant to 42 U.S.C. §§ 1983 and 1985(2) and (3), plaintiff sued a detective[1] of the Police Department of the City of Milwaukee, Wisconsin, alleging that the defendant had "caused plaintiff to suffer arrest, search, seizure and imprisonment without probable cause or due process or equal protection of law." Two hundred fifty thousand dollars in actual and a like amount in punitive damages were sought.

At 10:00 a. m. on April 27, 1970, defendant was driving his car while off duty and accompanied by his wife and a friend. He observed plaintiff walking along East Oklahoma Avenue in Milwaukee. Defendant was aware of plaintiff's personality, criminal record, character and method of operation. He had arrested plaintiff on prior occasions for "case-knife burglaries" of older apartment houses. In those arrests, defendant had found a pocket or kitchen knife or putty knife on plaintiff's person.

Defendant watched plaintiff proceed to an apartment building at 1933 East Oklahoma Avenue. Plaintiff looked inside the front door of that relatively new apartment building for a minute and then left. He proceeded to the rear of an older apartment building at 1802 East Oklahoma Avenue. Defendant then asked his wife to go home to obtain his service revolver because he knew that three weeks before plaintiff had been placed on probation with a proviso that would place him in the state penitentiary for 40 years for any violation of probation, and defendant suspected that plaintiff might resist arrest.

While plaintiff was at the rear of the building at 1802 East Oklahoma Avenue, remaining there for ten to fifteen minutes, defendant's wife picked up his service revolver and returned to the scene. Defendant observed plaintiff leave the rear of the building and stopped him. After exchanging greetings, defendant told plaintiff that he was up to his "old tricks" in that defendant saw him in back of the building at 1933 East Oklahoma for ten to fifteen minutes. Plaintiff was then placed under arrest for burglary and searched. Defendant found a case-knife, standing blade up, in plaintiff's pocket, and shortly afterwards observed a putty knife in the grass where plaintiff had been standing when arrested. In addition to burglary, plaintiff was later charged with possession of burglarious tools and with carrying a concealed weapon. A misdemeanor court convicted plaintiff of carrying a concealed weapon, but the state circuit court reversed. The circuit court found no probable cause for the arrest and therefore ruled that the search and the resultant seizure of plaintiff's knife were illegal.

At the close of the trial of the Section 1983 action, the district court dismissed plaintiff's action, holding under *Bivens v. Six Unknown Named Agents,* 456 F.2d

---

1. Plaintiff originally named the prosecutor and the judge who were involved in the prosecution in state court which arose from the arrest at issue in this suit. The district court dismissed these two defendants on immunity grounds and the plaintiff has not appealed from that ruling.

1339 (2nd Cir. 1972), that defendant had met the requisite two-pronged standard of good faith and reasonable belief in the validity of the arrest, even though there was not probable cause in the constitutional sense to make the arrest. However, on a motion for reconsideration, the court overturned its initial ruling on the ground that *Joseph v. Rowlen*, 402 F.2d 367 (7th Cir. 1968), required defendant not only to show good faith but also probable cause in the constitutional sense. Pursuant to a stipulation, plaintiff was awarded special damages of $1,263.20 but the court declined his request for general compensatory or punitive damages. Subsequent to the decision below, this Court decided two cases, *Tritsis v. Backer*, 501 F.2d 1021 (7th Cir. 1974), and *Brubaker v. King*, 505 F.2d 534 (7th Cir. 1974), which require us to reverse on the ground that since, as found below, defendant acted both reasonably and in good faith, he established his defense to this action.

Plaintiff relies primarily on *Joseph v. Rowlen, supra.* There the defendant city police officer had arrested plaintiff for soliciting from house to house even though the defendant admitted that this city ordinance did not cover plaintiff's conduct. We noted that "defense counsel has not suggested any offense Joseph might have committed for which this information would supply probable cause" 402 F.2d at 369. We reversed the district court because it had erroneously held that false imprisonment does not give rise to a cause of action under 42 U.S.C. § 1983 "unless such imprisonment is in pursuit of a systematic policy of discrimination against a class or group of persons." *Idem.* The Court went on to state:

"Although the Supreme Court refers in *Pierson* [v. *Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288] to 'the defense of good faith and probable cause,' available to a police officer under sec. 1983, there is no suggestion that a police officer is entitled to a defense of good faith when he makes an arrest without a warrant and without probable cause.

"We conclude that under 42 U.S.C. sec. 1983, where a police officer makes an arrest which is unlawful under the federal constitution because made without a warrant and without probable cause to believe that the person arrested had committed or was committing an offense, sec. 1983 imposes on the officer a liability which is recoverable in federal court. Additional circumstances coloring the officer's action as flagrant or malevolent are not required." (Footnote omitted; 402 F.2d at 370.)

■ Since the reversal in *Rowlens* could have been made without discussion of the availability of a good faith defense, one could label the quoted statement as dicta. Another approach to narrowing the apparently broad sweep of the quoted language, that taken by this Court in *Brubaker v. King, supra,*[2] is to rely on the clear lack of a reasonable belief by Rowlen in the validity of the arrest. Whatever the approach, it is clear from our decisions rendered subsequent to *Rowlen* and after the district court's opinion in the present case that the *Bivens* test governs Section 1983

2. After declaring the *Bivens* test applicable, the Court in *Brubaker* noted:

"This test is not inconsistent with our court's holding in *Joseph v. Rowlen,* 7 Cir., 402 F.2d 367 (1968). In *Joseph,* the plaintiff sued Police Officer Rowlen under 42 U.S.C. § 1983 for false arrest and imprisonment. Joseph had been arrested while approaching passersby on the street trying to sell pots and pans. He was arrested under a city ordinance proscribing soliciting from house to house, although Officer Rowlen admitted he knew 'soliciting didn't cover it.' 402 F.2d at 368. In *Joseph,* therefore, the defendant had no reaso⟨ ⟩ble belief in the validity of the arrest. Under such circumstances the court correctly held that inquiry into good faith was unnecessary. As we hold in the instant case, there is only a valid defense if the arrest was made both in good faith and with a reasonable belief in its constitutionality. Where one element of the test is clearly not satisfied, investigation into the other element need not be pursued." (505 F.2d at 537, n. 1.)

cases against law enforcement officers in this Circuit.

In *Tritsis v. Backer, supra,* this Court expressly followed the Second Circuit's holding in *Bivens* that if a police officer could show that he acted in good faith and with a reasonable belief in the validity of the arrest and search, he would have a valid defense to a suit for damages like this one. In *Tritsis* we quoted with approval Judge Medina's *Bivens* statement:

" '[T]o prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable.' " 501 F.2d at 1022, quoting from 456 F.2d at 1348. We adopted this formula for this Circuit.

In *Brubaker v. King, supra,* another panel of this Court reiterated its approval of *Bivens* and *Tritsis.* As we stated in *Brubaker,* "the question is not whether there was, in fact, probable cause for the arrest, but whether the defendant officers had a reasonable, good faith belief that probable cause existed." 505 F.2d at 538. We concluded that it is a defense to an action for damages under Section 1983 or the Fourth Amendment "for a law enforcement officer to prove that he acted in good faith with a reasonable belief in the constitutionality of his conduct." 505 F.2d at 537. As Judge Gordon found, the present defend-

ant has satisfied the *Bivens* test. Since we adopted the *Bivens* test in *Tritsis* and *Brubaker,* defendant has established his defense to his action.

■ Although plaintiff's brief argues that the district court erroneously concluded that defendant reasonably believed in the validity of his arrest of plaintiff, we are not persuaded. The district judge's oral ruling of May 3, 1974, satisfies us that the findings that the arresting officer acted in good faith and with the reasonable belief that he was making a valid arrest were not clearly erroneous within the meaning of Rule 52(a) of the Federal Rules of Civil Procedure. The facts outlined in the earlier part of this opinion are sufficient support for those findings.

■ Finally, plaintiff urges that under pendent jurisdiction, defendant is liable for false arrest and imprisonment under the common law of Wisconsin.[3] This ground was neither pled nor otherwise raised in the district court and therefore will not be considered here.

Reversed with directions to enter judgment for defendant.

FAIRCHILD, Chief Judge (concurring).

The decisions upon which we rely discern a difference between (1) probable cause in the constitutional sense and (2) belief in the validity of the arrest, objectively determined to have been a reasonable belief. It seems to me the difference is miniscule, and I concur with reluctance.

---

**3.** Plaintiff relies on *Strong v. Milwaukee,* 38 Wis.2d 564, 157 N.W.2d 619 (1968) to support his contention that good faith is no defense in a state action. That case held that a tort action against a municipality for false imprisonment is an intentional tort. The only matter in the opinion supporting plaintiff is a quotation from 1 Harper and James, Law of Torts, § 3.7, at 228. However as Judge Medina observed, that treatise also supports the standard adopted in *Bivens* (456 F.2d at 1347). In any event, state law is not controlling in a Section 1983 action and no state action is properly before this Court.