Ruby ELLIS, Personal Representative of the Estate of Nathaniel Ellis, Deceased, Plaintiff,

v.

Lawrence ZIEGER, Richard Menzel and Officer Grabowski, Defendants.

No. 72–C–387.

United States District Court, E. D. Wisconsin.

April 6, 1978.

Gregory Gramling, Jr., Milwaukee, Wis., for plaintiff.

Mary Ellen Sawall, Asst. City Atty., Milwaukee, Wis., for defendants.

## OPINION AND ORDER

WARREN, District Judge.

This is a civil action based on an alleged violation of 42 U.S.C. § 1983. Jurisdiction is grounded on 28 U.S.C. § 1343.

In this complaint, Nathaniel Ellis, now deceased, alleges that on July 3, 1970 at approximately 4:45 P.M., he was improperly subjected to arrest without cause, assaulted by the defendants and unjustly deprived of his liberty. Nathaniel Ellis died on December 20, 1974 and this action is now being prosecuted by plaintiff, Ruby Ellis, personal representative of the estate of Nathaniel Ellis.

A two-day court trial commenced on September 6, 1977. The facts presented at trial show that, on July 3, 1970, Nathaniel Ellis was sitting at a table playing a game of dominoes with some friends in the lot behind the Bronz-Vil tavern located at 1731 North Third Street in Milwaukee, Wisconsin. He had not been drinking that day.

At approximately 4:45 P.M., defendants Lawrence Zieger and Eugene Grabowski, patrolmen with the City of Milwaukee Police Department observed several persons at the rear of this tavern. They decided to investigate because the police had received complaints about loitering and gambling going on near this tavern. They came up to Ellis and observed that he was holding a green bottle. In his deposition taken on April 17, 1974, Ellis stated that this bottle contained water. Defendant Zieger testified that he took the bottle because he feared it might be used as a weapon.

At this point, the testimony diverges. The defendants testified that Ellis pushed defendant Grabowski to the ground and threatened to kill Officer Zieger. Ellis then backed away and picked up a rock. Zieger stated that he pulled his service revolver and ordered Ellis to drop the rock.

Defendant Zieger said he approached Ellis with the intention of arresting him and that Ellis started fighting with both him and defendant Grabowski. In an attempt to subdue Ellis, these defendants were struck by Ellis and had to use their night sticks to subdue him.

Ellis was then put in a patrol wagon to be taken to the First District Police Station. Defendants testified that Ellis asked that his handcuffs be loosened and when defendant Zieger loosened one handcuff, Ellis struck him. Defendants Grabowski and Menzel then went to Zieger's aid. Ultimately, the defendants testified they were able to subdue Ellis and restrain him with handcuffs.

Ellis gave a differing version of the afternoon's events. He testified that when he gave defendant Zieger the green bottle, the officer poured out some of the liquid. The bottle contained water. One of the men started to laugh and defendant Zieger got angry and threw the bottle against a neighboring garage.

Ellis stated that Zieger told him to come into the alley located about 50 feet away. Ellis refused to go. Defendant Zieger grabbed him and pulled out his night stick when Ellis again refused to accompany him to the alley. Ellis testified that he started backing up and that defendant Zieger began walking toward him. Ellis picked up a brick. He continued to back up and ended up against the back wall of the Bronz-Vil bar. At that point, Zieger pulled his service revolver. Ellis then dropped the brick.

Ellis stated that defendant Menzel then handcuffed him. The defendants' testimony at trial showed that Officer Grabowski, not Officer Menzel, was the patrolman with Officer Zieger. Ellis had incorrectly named the officers in his deposition.

Ellis testified that both Zieger and Grabowski beat him on the head with their night sticks. When other squad cars and a patrol wagon arrived, Ellis stated these two officers dragged him to the patrol wagon and placed him inside. Once inside, Ellis

testified that defendant Zieger took off his handcuffs and that both patrolmen began to hit him about the head with their night sticks. Ellis testified that he struck back.

He further stated that the officer who was in the van when it arrived never touched him. Although Ellis said that he thought this man was named Officer Grabowski, the testimony showed that this police officer was Officer Menzel. Ellis further testified that he finally feigned unconsciousness so that defendants Zieger and Grabowski would stop hitting him.

After two other men in the patrol wagon were dropped off at the Safety Building, Ellis was taken to Milwaukee County General Hospital. On the way to the hospital, Ellis testified that defendant Zieger beat him across his hands and ribs. Ellis was then treated at the hospital for head lacerations and contusions and hand injuries. The defendants also underwent treatment.

Ruby Ellis, plaintiff's former wife, testified that when Ellis returned home after being in jail, he suffered dizzy spells and equilibrium problems for about one and a half months. His injuries were noticeable for some months.

Peter S. Balistreri, Ellis' court appointed attorney in the state criminal action, testified that he visited Ellis in the county jail on July 6, 1970, three days after his arrest. At that time, Ellis' head was shaved in part and his scalp was sutured. Balistreri testified that the backs of Ellis' hands were puffy and so swollen that the knuckles could not be seen.

It is uncontroverted that as a result of this occurrence, Ellis was charged with the crime of battery to a peace officer in the County Court of Milwaukee County, Wisconsin and was incarcerated from July 3, 1970 to approximately September 9, 1970 because he was unable to post bail of $1,500. On about September 9, 1970, Ellis was permitted to sign a recognizance bond and was released.

This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983. In order to measure the facts presented in this case against the appropriate legal standards, it is necessary to examine what constitutes a defense in a claim against a law enforcement officer based on 42 U.S.C. § 1983.

The Supreme Court has held that the defense of good faith and probable cause is available to police officers in a civil rights action based on § 1983. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

The test is not whether the arrest was constitutional or unconstitutional or whether it was made with or without probable cause. Rather, the issue is whether the police officer believed in good faith that the arrest was made with probable cause and whether that belief was reasonable. *Boscarino v. Nelson,* 518 F.2d 879 (7th Cir. 1975); *Brubaker v. King,* 505 F.2d 534 (7th Cir. 1974).

Probable cause involves that quantum of evidence which would lead a reasonable and prudent person to believe that the defendant had probably committed or was committing an offense. *Thornton v. Buchmann,* 392 F.2d 870 (7th Cir. 1968). The determination of probable cause does not rest upon a technical framework; instead it depends on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *See, Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

Thus, it is a defense to an action for damages under § 1983 "for a law enforcement officer to prove that he acted in good faith with a reasonable belief in the constitutionality of his conduct." *Brubaker v. King, supra* at 537.

In this case, Ellis was playing a game of dominoes with his friends when approached by the defendants. Defendant Zieger asked for the bottle Ellis was holding. Ellis voluntarily gave it to this defendant.

At this point, the testimony becomes diametrically opposed. Unfortunately, Ellis died before trial so his testimony was contained in his deposition. What is known is

that Ellis was struck about the head by defendants Zieger and Grabowski and suffered head injuries and scalp injuries requiring numerous sutures. Defendants also sustained some injuries.

After reviewing all the testimony presented, this Court finds that defendants Zieger and Grabowski were not acting in good faith and with the reasonable belief that they were making a valid arrest. The Court further finds that defendants Zieger and Grabowski used unreasonable and unjustified force on Ellis. Defendant Menzel did not effectuate Ellis' arrest and, by Ellis' own testimony, never touched him. Thus, the Court finds that defendant Menzel was acting in good faith and the action against him must be and is hereby dismissed.

Based on the foregoing, it is ordered that judgment be and is hereby entered in favor of the plaintiff, Ruby Ellis, as personal representative of the Estate of Nathaniel Ellis, deceased, and against the defendants Lawrence Zieger and Eugene Grabowski for damages in the amount of $5,200.00 and reasonable attorney's fees in the amount of $2,500.00.

So ordered.