Eugene HARTNETT, Plaintiff,

v.

Michael J. SCHMIT, Star No. 16252, and Paul Czernia, Star No. 16289, individually and in their official capacities as Chicago Police Officers, Defendants.

Don KOZLOWSKI, Plaintiff,

v.

Michael J. SCHMIT, Star No. 16252, and Paul Czernia, Star No. 16289, individually and in their official capacities as Chicago Police Officers, Defendants.

Nos. 80 C 0810, 80 C 0811.

United States District Court, N. D. Illinois, E. D.

Nov. 12, 1980.

Edward T. Stein, Singer & Stein, Chicago, Ill., for plaintiffs.

James P. Flannery, Jr., Corporation Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs, Eugene Hartnett ("Hartnett") and Don Kozlowski ("Kozlowski"), brought these civil rights actions pursuant to 42 U.S.C. § 1983 [1] against defendants, Chicago police officers Michael J. Schmit ("Schmit") and Paul Czernia ("Czernia"), based on the allegedly "unlawful" arrest of Hartnett and Kozlowski.[2]

This matter is now before the Court on plaintiffs' motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The following facts are undisputed. Plaintiffs are members of the Illinois Chapter of the Holy Spirit Association for the Unification of World Christianity. On October 6, 1979, at approximately 8:00 p. m., plaintiffs, on behalf of their religious organization, were soliciting donations from and distributing literature to motorists at the intersection of Western and Lawrence Avenues in Chicago. The only persons present at the scene of plaintiffs' arrest were the two plaintiffs, defendant police officers and an undetermined number of persons in automobiles travelling through the intersection. (Defs. Answers to Interrogatories Nos. 10–12). Hartnett and Kozlowski were arrested by the defendants, transported to a police station, placed in a cell, and charged with the offense of disorderly conduct in violation of chapter 193, section 193–1(d) of the Municipal Code of the City of Chicago ("the Code") on a complaint signed by defendant Schmit.

Section 193–1(d) of the Code provides as follows:

193–1 A person commits disorderly conduct when he knowingly:

(d) Fails to obey a lawful order of dispersal by a person known to him to be a peace officer under circumstances where three or more persons are committing acts of disorderly conduct in the immediate vicinity, which acts are likely to cause substantial harm or serious inconvenience, annoyance or alarm.

Hartnett and Kozlowski appeared in court on October 19, 1979, to answer and defend against the complaint brought against them. Although the defendants were employed as Chicago police officers on October 19, 1979, and were not on furlough or any other official leave of absence from the Chicago Police Department, they failed to appear in court on that date to prosecute the charge against Hartnett and Kozlowski. Consequently, the City of Chicago was denied leave to file the charge against plaintiffs.

Plaintiffs allege that they were arrested unlawfully while exercising first amendment rights and that this unlawful arrest abridged their rights under the First and Fourteenth Amendments to the United States Constitution. The only defense raised by defendants is that of qualified immunity. Thus, the question of whether first amendment [3] and fourteenth amendment [4] rights were violated rests upon a determination as to whether defendant police officers "lawfully" arrested Hartnett and Kozlowski–a question inevitably intertwined with the issue of police immunity.

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

2. These two actions were filed as separate cases and have not been consolidated for trial. However, since the two actions involve identical defendants, complaints, motions, and briefs,

they are being treated together for purposes of the pending motions.

3. See *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980); *Murdoch v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943).

4. See *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

In *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court confronted the question of whether immunity was available to police officers under § 1983. The Court noted that the "common law has never granted police officers an absolute and unqualified immunity," but that "the prevailing view in this country [is that] a peace officer who arrests someone with probable cause is not liable for a false arrest simply because the innocence of the suspect is later proved." 386 U.S. at 555. The Court went on to hold that in evaluating police conduct during an arrest, a court must consider the officer's good faith as well as the existence of probable cause. *Id.* at 557; *Scheuer v. Rhodes*, 416 U.S. 232, 245, 94 S.Ct. 1683, 1691, 40 L.Ed.2d 90 (1974).

The test for good faith was stated by the Seventh Circuit in *Brubaker v. King*, 505 F.2d 534, 536–537 (7th Cir. 1974):

> The test, thus, under § 1983 is not whether the arrest was constitutional or unconstitutional or whether it was made with or without probable cause, but whether the officer believed in good faith that the arrest was made with probable cause and whether that arrest was reasonable.

> [T]o prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable. (Citation omitted.)

This standard was reaffirmed by the Seventh Circuit in *Boscarino v. Nelson*, 518 F.2d 879, 881 (7th Cir. 1975); *Foster v. Zeeko*, 540 F.2d 1310, 1313 (7th Cir. 1976); and *Whitley v. Seibel*, 613 F.2d 682, 685 (7th Cir. 1980). It is important to emphasize that the *Brubaker* court specifically noted its consistency with the Seventh Circuit decision in *Joseph v. Rowlen*, 402 F.2d 367 (7th Cir. 1968). *Brubaker*, 505 F.2d at 537 n.1. In *Joseph*, the plaintiff brought suit under 42 U.S.C. § 1983 against a police officer who had arrested him while he was approaching pedestrians in an attempt to sell pots and pans. Plaintiff was arrested for violating a city ordinance proscribing door-to-door solicitation, although the officer admitted knowing that "soliciting didn't cover it." 402 F.2d at 368. The *Brubaker* court opined that in *Joseph*, "the defendant had no reasonable belief in the validity of the arrest," and "[u]nder such circumstances the court correctly held that inquiry into good faith was unnecessary," because "[w]here one element of the test is clearly not satisfied, investigation into the other element need not be pursued." 505 F.2d at 537, n.1. In other words, although plaintiff carries the burden of proof, *Whitley v. Seibel*, 613 F.2d at 685, if defendant cannot show that his belief in the validity of the arrest was reasonable, defendant will be held liable regardless of his subjective good faith. An important reason for the use of this standard is the unwillingness of courts to use a purely subjective good faith test that might foster ignorance of the law or, at least, encourage feigned ignorance of the law by allowing a police officer to be exonerated if he merely acts in good faith. *Glasson v. City of Louisville*, 518 F.2d 899, 909–910 (6th Cir. 1975), *cert. denied*, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 258 (1976).

Plaintiffs in this case assert that as in *Joseph*, defendants cannot, as a matter of law, meet the objective test of "reasonable belief in the validity of the arrest" required to support a defense of qualified immunity. In support thereof, plaintiffs emphasize that the statutory provision under which they were arrested plainly requires the presence of three or more persons committing acts of disorderly conduct, likely to cause substantial or serious inconvenience. *Supra* at p. 1025 of this opinion. Yet, defendants have admitted and it is otherwise undisputed that Kozlowski and Hartnett were the only persons at or near the scene of the arrest, other than the police officers and passing motorists. Defendants also admit that at the time of the arrests, there was no threat of immediate violence and that Chicago Police Department Special Order No. 79–24, entitled "First Amend-

ment Rights to Distribute or Sell Printed Material and to Solicit Financial Contributions on the Public Ways," was announced to them recently.[5] The Court holds that based upon the instant set of facts[6] and pursuant to *Brubaker v. King* and *Joseph v. Rowlen*, discussed above, defendants could not reasonably have believed in the validity of the arrest of Kozlowski and Hartnett pursuant to chapter 193, section 193–1(d) of the Chicago Municipal Code.

The only relevant distinction between *Joseph* and the instant case is that the defendant in *Joseph* admitted knowing that the statute under which plaintiff was arrested did not cover the alleged offense. This distinction could arguably be relevant only if defendants argued ignorance of the provisions of the statute as support for their reasonable belief in the validity of the arrest.[7] It is well settled, however, that a police officer cannot prove his reasonable belief in the validity of an arrest by asserting his ignorance of the law pursuant to which the arrest was effected. *Foster v. Zeeko*, 540 F.2d at 1310, 1314 (7th Cir. 1976).

Tort liability, of course, is as firmly grounded upon what a person reasonably should have known as that which he actually knew. *Id.* at 1313. Indeed, this case provides far stronger grounds for rejecting a plea of ignorance than that presented in *Foster*. In *Foster* the court held that the police officers had a duty to have some reasonable knowledge about the constitutionality of a particular ordinance. As Judge Pell stated in *Foster*:

> [T]he court 'cannot permit a police officer to avoid liability for damages by pleading ignorance of the law when he unreasonably or in bad faith oversteps the bounds of his authority and invades the constitutional rights of others. . . . The law does not expect police officers to be sophisticated, constitutional or criminal lawyers, but because they are charged with the responsibility of enforcing the law, it is not unreasonable to expect them to have some knowledge of it.' [Citing *Glasson v. City of Louisville*, 518 F.2d 899, 910 (6th Cir. 1975), *cert. denied*, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 258 (1976)].

*City of Chicago v. Jacobs*, 46 Ill.2d 214, 263 N.E.2d 41 (1970). It is thus indisputable that regardless of the extent to which Kozlowski and Hartnett were obstructing traffic, they could not have violated section 193–1(d). In evaluating whether defendants had a reasonable belief in the validity of the arrest, the Court must look to the conduct of the police officers in relation to the specific statute pursuant to which the arrest was effected. *See Joseph v. Rowlen*, 402 F.2d 367 (7th Cir. 1968). To evaluate defendants' actions on the basis of speculation as to other crimes that plaintiffs might have committed, but for which they were not charged, would render the standard meaningless.

5. This Order, signed by the Acting Superintendent of Police, stated as follows:

The First Amendment to the Constitution of the United States protects the rights of each citizen, upon the public ways or other public places, to:

A. express his views through any form of communication, including distribution or sale of newspapers, magazines, handbills or other printed matter; and,

B. solicit financial contributions for political or religious causes.

The Order went on to list certain provisions of the Municipal Code of Chicago that, the Order indicated, did not apply to persons who distribute material containing religious or political beliefs on a public way.

6. The only controverted fact before the Court involves defendants' claim that Kozlowski and Hartnett were obstructing traffic. Even if plaintiffs were obstructing traffic, which they deny, section 193–1(d) would not authorize arrest for obstructing traffic in the instant fact situation. Defendants have admitted that the only persons present at the time and place of the allegedly disorderly conduct, other than the two plaintiffs and defendants, were "numerous automobile drivers and passengers." (Defs. Answers to Interrogatories Nos. 10–12). Section 193–1(d), however, requires that there be "*three or more persons committing acts of disorderly conduct* in the immediate vicinity."

7. Moreover, it is clear that the admission in *Joseph* was not determinative. Rather, as the Seventh Circuit specifically pointed out in *Brubaker v. King*, 505 F.2d at 537 n.1, the *Joseph* decision hinged upon the court's finding that the defendant had no reasonable belief in the validity of the arrest. The defendants' admission in *Joseph* was merely one piece of evidence supporting that finding. In the instant case, the simple and clear language of the statute and the defendants' actions in light of their factual admissions speak just as loudly as the admission made by the *Joseph* defendant.

In the instant case the Court merely holds that the police officers knew or should have known the simple, plain and explicit requirements of the statute under which the arrest was effected. For an officer to arrest and jail a person for violation of a statute, and then to plead ignorance of the provisions of that very statute is a patently untenable position.

This Court is in full sympathy with the proposition that every asserted justification for an allegedly unlawful arrest must be considered carefully on a case–by–case basis with due regard given to the fact that officers may be acting in situations that require urgent and immediate action. *Foster v. Zeeko*, 540 F.2d at 1314; *Glasson v. City of Louisville*, 518 F.2d at 908. In the instant case, however, defendants have failed to assert any justification for their actions. This is not a situation where violence was threatened or where swift and forceful police action was required to avoid imminent and serious injury to persons or property.[8] Defendants have admitted that there was no threat of immediate violence and the uncontroverted facts establish that the officers were not acting in the urgency of a threatening situation.

In opposition to plaintiffs' motion for summary judgment, defendants make but one argument—that imposition of summary judgment is inappropriate in actions involving state of mind. It is true that cases involving state of mind usually should not be resolved upon a motion for summary judgment.[9] *Askew v. Bloemker*, 548 F.2d 673, 679 (7th Cir. 1976); *Pritz v. Hackett*, 440 F.Supp. 592, 599 (W.D.Wis.1977). This is not such a case, however, since the grant of summary judgment here is not based upon defendants' subjective state of mind, but rather on the objective test of whether defendants' belief in the validity of the arrest was reasonable.[10] *Brubaker v. King*, 505 F.2d at 536–537.

The Court is mindful of the fact that summary judgment should rarely be granted in cases where qualified immunity is raised as a defense to a civil rights claim. Moreover, the Court is sympathetic with the plight of police officers who are required to make immediate and often difficult legal evaluations without benefit of counsel in on–the–street arrest situations. Nevertheless, these considerations notwithstanding, it would be improper to hold that summary judgment relief is *per se* unavailable in cases involving a defense of qualified immunity. The instant cause provides a factual situation wherein, viewing all facts in the light most favorable to the defendants, the arresting officers cannot show any reasonable belief in the validity of the arrests of Hartnett and Kozlowski for violation of section 193–1(d). As the Seventh Circuit held in *Brubaker*, 505 F.2d at 537, n.1, where defendants have no reasonable belief in the validity of an arrest, inquiry into good faith is unnecessary. Consequently,

**8.** The lack of urgency in this case is underscored by defendants' admissions that at 4:00 p. m. and at 6:30 p. m. on the date of the arrests, they saw Kozlowski and Hartnett engaged in precisely the same activity that precipitated their arrest at approximately 8:00 p. m. On those two earlier occasions, the officers merely left the scene after telling the plaintiffs not to interfere with traffic. (Defendants' Response to Plaintiffs' Motion for Summary Judgement at 2.)

**9.** Summary judgment is to be employed only if there is no genuine issue as to material facts and if the moving party is entitled to judgment as a matter of law. *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972).

**10.** This case is distinguishable from *Foster v. Zeeko*, 540 F.2d 1310, 1319 (7th Cir. 1976), where the Seventh Circuit held summary judgment to be inappropriate where a question of qualified immunity was raised. In *Foster*, plaintiffs contended that the conduct of officers was unreasonable because the officers did not inquire of their superiors concerning the constitutional validity of an ordinance. The Court held that it could not rule upon the existence of such a duty without additional facts. Unlike the instant case, however, defendants did present facts "sufficient to show enough legal uncertainty to demonstrate the impropriety of summary judgment disposition." *Id.* In this case, defendants have failed to raise a single material fact which, when viewed in the light most favorable to defendants, will support the purported "reasonableness" of defendants' belief in the validity of the arrest.

the factors that normally cause questions of qualified immunity to go to a jury–determination of the officer's state of mind and assessment of witness credibility–are not at issue here, and do not preclude this Court from granting plaintiffs' motion for summary judgment.

In summary, because defendants could not as a matter of law meet the objective standard of the good faith defense of qualified immunity, and since that is the only defense raised by defendants, summary judgment must be entered on behalf of Kozlowski and Hartnett and against the defendants. The parties are directed to prepare a pretrial order on the damages issues (Judge Aspen's form attached herewith) to be presented at the Court's status call on December 12, 1980, at 10:00 a. m. The status call of November 14, 1980, is hereby stricken. It is so ordered.