**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

VINCENT MISSOURI,
            *Defendant-Appellant.*

No. 03-4484

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

VINCENT MISSOURI,
            *Defendant-Appellant.*

No. 03-7009

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-00-498, CA-01-983)

Submitted: November 10, 2003

Decided: December 29, 2003

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Margaret A. Chamberlain, Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Vincent Missouri appeals his conviction and sentence for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (2000). Missouri's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising for the court's consideration the issue of whether the district court properly sentenced Missouri as a career offender but stating that, in her view, there are no meritorious grounds for appeal. Missouri filed a pro se supplemental brief, raising four separate but related challenges to his classification as a career offender, claiming that his indictment was defective and asserting that both counsel who represented him were ineffective.

We review the district court's decision to apply the career offender guideline de novo. *United States v. Williams*, 29 F.3d 172, 173 (4th Cir. 1994). A defendant is a career offender if: (1) he is at least eighteen years old when the instant offense was committed; (2) the instant offense is a felony and is either a crime of violence or a drug offense; and (3) he has at least two prior felony convictions for crimes of violence or drug offenses. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). The district court properly determined Missouri has two prior felony convictions for crimes of violence or a drug offense. *See* U.S.S.G. § 4B1.2, comment (n. 1). Therefore, we find that Missouri was properly sentenced as a career offender.

Missouri's remaining challenges to the district court's conclusion that he qualified as a career offender were on the grounds of ex post facto and full faith and credit violations, and the state court's classification of his prior offenses as non-violent crimes. These claims were not properly preserved for appeal. Hence, we review for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). We have reviewed the record and find no plain error in the district court's determination that Missouri qualified as a career offender.

Missouri's challenge of the indictment for its failure to allege that his conduct interfered with interstate commerce fails because all that is required for federal jurisdiction under the bank robbery statute is that the bank in question be insured by the FDIC on the date of the robbery. *See Pigford v. United States*, 518 F.2d 831, 833 (4th Cir. 1975). Missouri admitted at his plea hearing that the bank in question was FDIC insured and has waived any challenge on this issue. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).

Finally, Missouri claims that he received ineffective assistance of counsel from both attorneys who represented him. Claims of ineffective assistance of counsel are not properly raised on direct appeal unless the record conclusively reveals that the defendant's representation was defective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). We have reviewed the record and determine that it does not conclusively establish any ineffective assistance of counsel. Therefore, Missouri's ineffective assistance claims are not cognizable in this direct appeal.

We have reviewed the record in accordance with *Anders* and find no meritorious issues. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may file a motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*